506 P.2d 240

**STATE of Arizona, Appellee,**

v.

**Jack S. VALENZUELA, Appellant.**

No. 2422.

Supreme Court of Arizona,
In Banc.

Feb. 20, 1973.

Gary K. Nelson, Atty. Gen., by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

J. Douglas McVay, Phoenix, for appellant.

HAYS, Chief Justice.

Defendant, Jack S. Valenzuela, was convicted of possession of heroin, with a prior conviction, to both of which charges he had pleaded not guilty. The finding of guilty of the charge of possession of heroin was the result of a jury trial, and no errors in that trial are claimed by defendant.

The finding of guilty of a prior conviction was the result of a finding by the trial judge, without a trial, and it is this finding of which defendant complains, since under our statutes the sentence without a prior cannot exceed 25 years, while with a prior, the maximum is life. (See A.R.S. §§ 36–1020 and 13–1649). The sentence actually given to defendant was 10 years to life.

It is claimed by defendant, and admitted by the State, that the only evidence of the existence of the prior is the following colloquy between defendant and the prosecuting attorney while the defendant was on the witness stand.

[Cross-examination by prosecutor]:

"Q: By the way, Mr. Valenzuela, you have been convicted of a felony before, haven't you?

"A: Yes, sir, I have.

"Q: And how many felonies have you been convicted of?

"A: Two felonies, sir.

"Q: What were they?

"A: For burglary.

"Q: Both of them?

"A: Yes, sir.

"Q: And when was that?

"A: 1967 and then 1969.

\*    \*    \*    \*    \*    \*

[Re-direct examination by defense counsel]

"Q: Jack, you testified before that you pleaded guilty, before, to two felonies?

"A: Yes I did.

"Q: Felonies of burglary?

"A: Yes, sir.

"Q: Have you done so because you are not guilty?

"A: That is the only reason. I haven't done anything.

"Q: Would you have pleaded guilty to this if you were guilty?

"A: Yes, I would have."

The charge of the prior had been added to the original information by an addendum to the information, which stated that defendant was, on June 13, 1967, convicted of burglary in the Superior Court of Maricopa County, Arizona, and that records of this prior conviction had been submitted to defense counsel as required by A.R.S. §§ 13–1649 and 13–1650.

■ The trial court indicated that the State was prepared to prove the prior felony conviction, until defendant admitted it, after which proof became unnecessary. This is a correct statement of the law of this state. State v. Armstrong, 103 Ariz. 174, 438 P.2d 411.

Defendant, however, argues that since a prior felony conviction, at which defendant was not represented by counsel, may not be used to enhance his punishment, the burden is on the State to show that defendant was represented by counsel at his 1967 burglary conviction, and there is no presumption of representation from a silent record. In Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, the United States Supreme Court held that it was unconstitutional to try a person for a felony in a state court unless he was represented by counsel or had waived that right. The Court went on to say that: "Presuming waiver of counsel from a silent record is impermissible." 88 S.Ct. at 262, 19 L.Ed.2d at 324.

This court follows that case. In State v. Reagan, 103 Ariz. 287, 440 P.2d 907, we stated:

"[W]hen an allegation of prior conviction . . . is used to enhance punishment it . . . requires that the record of that prior conviction show that defendant was represented by counsel, or . . . waived his right to counsel . . . ." 440 P.2d at 909.

■ Defendant's argument must fail, however, because this court may take judicial notice of the records of the Superior Court. Sines v. Holden, 89 Ariz. 207, 360 P.2d 218. The Superior Court file in Case No. CR 51283, which by order has been made a part of the record on appeal, shows that defendant, in the presence of counsel, withdraw a plea of not guilty and substituted a plea of guilty; that the judge made a finding that the plea was voluntary; that at his sentencing his attorney was also present and defendant was told that he had previously entered a plea of guilty to the charge and he acknowledged this to be correct; that he was then found guilty of burglary, a felony, and was sentenced to one to two years in the Arizona State Prison; and that the date of the finding of guilty and of the sentence was June 13, 1967.

■ Defendant also contends that there is no evidence in the record that the conviction which defendant admitted took place on June 13, 1967—the date charged in the addendum to the information—and no evidence where the conviction occurred. Again, we take judicial notice of the records of the Superior Court and find that the place and date of the conviction agree with the place and date in the charge.

The judgment of the Superior Court is affirmed.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD, and HOLOHAN, JJ., concur.