689 P.2d 539

The STATE of Arizona, ex rel. Thomas
E. COLLINS, Maricopa County
Attorney, Petitioner,

v.

The SUPERIOR COURT of the State of
Arizona, In and For the COUNTY OF
MARICOPA; The Honorable Morris
Rozar, Judge of the Maricopa County
Superior Court, Respondents, and

and

Michael Frederick FLIEGEL, Real
Party in Interest, Respondents.

No. 17649–SA.

Supreme Court of Arizona,
In Banc.

Oct. 31, 1984.

Thomas E. Collins, Maricopa County
Atty. by Joel M. Glynn, Sandra Janzen,
Deputy County Attys., Phoenix, for peti-
tioner.

Ross P. Lee, Maricopa County Public De-
fender by Paul C. Klapper, James L.P.
Logan, Deputy Public Defenders, Phoenix,
for respondents.

Robert K. Corbin, Atty. Gen. by William
J. Schafer, III, Asst. Atty. Gen., Phoenix,
for brief amicus curiae, State of Ariz.

Stephen G. Udall, Apache County Atty.,
St. Johns, Dale Patton, Navajo County
Atty., Holbrook, John Verkamp, Coconino

County Atty., Flagstaff, William J. Ekstrom, Mohave County Atty., Kingman, Jack Williams, Graham County Atty., Safford, William A. Coffeen, Greenlee County Atty., Clifton, Don Moon, La Paz County Atty., Parker, Roy Mendoza, Pinal County Atty., Florence, Charles Hastings, Yavapai County Atty., Prescott, Stephen D. Neely, Pima County Atty., Tucson, Beverly Jenney, Cochise County Atty., Bisbee, Dennis T. Fenwick, Santa Cruz County Atty., Nogales; Robert Duber II, Gila County Atty. by Candyce C. Beumler, Deputy County Atty., Globe, David Ellsworth, Yuma County Atty. by Timothy Holtzen, Deputy County Atty., Yuma, for brief amicus curiae, The County Attys. of The Fourteen Counties Outside Maricopa County.

CAMERON, Justice.

This is a special action arising from the granting of defendant's motion to strike the state's allegation of prior convictions pursuant to A.R.S. § 13–604. We have jurisdiction under Article 6, § 5 of the Arizona Constitution.

The state's petition raises only one question: May enhancement of punishment pursuant to A.R.S. § 13–604(A) be based on separate offenses, committed on separate occasions, but charged in the same indictment and consolidated for trial?

The facts necessary for a disposition of the issue follow. On 16 January 1984 defendant, Michael Frederick Fliegel, was indicted for Possession of Dangerous Drugs, a class four felony, and Attempted Collection of Extensions of Credit by Extortionate Means, a class five felony. The drug charge arose out of an incident occurring on 22 December 1982, and the extortion count was the result of a transaction that took place on 25 June 1982. The state filed an allegation of prior convictions requesting that a conviction arising from the 25 June incident be considered as a prior conviction for sentencing on the drug count. The trial court granted defendant's motion to strike. The state filed a petition for special action challenging that denial. We accepted jurisdiction because there is no plain, adequate, or speedy remedy at law and because the issue presented is a matter of statewide importance.

A.R.S. § 13–604 states in pertinent part that:

(A) [A] person who is at least eighteen years of age * * * who has previously been convicted of any felony within ten years next preceding the date of the present offense, shall be sentenced to imprisonment for not less than the sentence and not more than twice the sentence authorized by § 13–701 * * *.

*     *     *     *     *     *

(H) Convictions for two or more offenses not committed on the same occasion but consolidated for trial purposes, may, at the discretion of the state, be counted as prior convictions for purposes of this section.

The state argues that under A.R.S. § 13–604(H) and *State v. Hannah*, 126 Ariz. 575, 617 P.2d 527 (1980), prior convictions need not precede the commission of the offense. Defendant claims, however, that 604(H) was not intended to be read in conjunction with 604(A). He maintains that we recognized, in Hannah, a difference between 604(A) and (B) and that we intended to limit the use of 604(H) to subsection (B).

We do not agree with defendant's narrow reading of 604(H) and Hannah. The statute does not contain any language limiting subsection (H) to subsection (B). Subsection (H) applies to subsection (A) as well as to subsection (B). In Hannah we stated:

§ 13–604 is not a true recidivist statute as that term is commonly understood. Recidivist statutes have usually been construed to mean that the defendant must have been convicted of the crime before the second crime was committed in order for the statute to apply * * *. The purpose of such recidivist statutes is to deter crime by serving as a warning to first offenders and to encourage their reformation. Our state legislature has clearly indicated that it was concerned not only with deterring the commission

of crime, but also with punishing the persistent or repetitive offender regardless of when the defendant committed the other offense.

Under subsection (H), a "prior conviction" need not be obtained prior to the subsequent offense or conviction. By the terms of subsection (H), the "prior conviction" may be obtained at the same time, in the same trial. Admittedly, only one of the offenses charged may be considered a prior for sentencing purposes, *State v. Diaz*, 142 Ariz. 119, 688 P.2d 1011 (1984), but it is not necessary that the "prior conviction" be also a prior offense. *State v. Hannah*, supra.

We believe subsection (H) provides:

1. A prior conviction may be used to enhance a subsequent conviction even though the prior conviction was for an offense which occurred after the occurrence of the offense which formed the basis of the subsequent conviction. *Hannah*, supra.

2. When two offenses occurring at different times are consolidated for trial, upon conviction of both, one, but only one, of the convictions may be used as a prior conviction for the other. *State v. Diaz*, supra; *Davis v. Superior Court*, 126 Ariz. 568, 617 P.2d 520 (1980).

3. When there are two offenses occurring at the same time, one of the offenses may not form the basis of a prior conviction even if the other offense is tried separately. § 13–604(H); *Hannah*, supra.

We believe that this interpretation is consistent with the purpose of the statute. To hold as defendant asks would create a situation where a defendant who had committed two crimes, but had been convicted of the first prior to the commission of the second, would be subjected to a harsher sentence than a defendant who was tried for the same crimes at the same time. We believe this would be contrary to the intent of the legislature. By reading §§ 604(H) and (A) together this discrepancy can be avoided, and the legislative scheme of punishing the repetitive criminal more severely can be enforced.

The order of the trial court dismissing the allegation of prior convictions is set aside and the matter is remanded for further proceedings consistent with this opinion.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.