175 P.3d 71

**STATE of Arizona, Appellee,**

v.

**Marcel Barry THOMAS, Appellant.**

No. 1 CA–CR 05–0770.

Court of Appeals of Arizona,
Division 1, Department A.

Jan. 29, 2008.

Review Granted June 3, 2008.

Terry Goddard, Attorney General By Randall M. Howe, Chief Counsel, Criminal Appeals Section, Phoenix, Attorneys for Appellee.

Dana P. Hlavac, Mohave County Public Defender By Jill L. Evans, Deputy Public Defender, Kingman, Attorneys for Appellant.

## OPINION

SNOW, J.

¶ 1 Marcel Barry Thomas appeals his convictions and sentences for the possession of dangerous drugs for sale, narcotics, drug paraphernalia, and marijuana. His lawyer found no arguable ground for reversal and filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). *Anders* requires us to search the record for reversible error. *Id.* at 744, 87 S.Ct. 1396. We find no fundamental error pertaining to Thomas's convictions. However, we ordered supplemental briefing on an issue pertaining to Thomas's sentencing. Because we conclude that the trial court fundamentally erred in sentencing Thomas, we vacate the sentence and remand for resentencing.

### FACTUAL AND PROCEDURAL HISTORY

¶ 2 The drug-related charges on which Thomas was sentenced arose from a search of Thomas's apartment that occurred on December 18, 2002. Based on the evidence found during the search and Thomas's statements to the police at that time, a grand jury indicted Thomas on four drug-related charges a year and a half later in June 2004. Thomas was indicted for possession of dangerous drugs for sale, a class two felony; possession of narcotic drugs, a class four felony; possession of drug paraphernalia, a class six felony; and possession of marijuana, a class six felony ("the drug-related charges"). Thomas was eventually tried and convicted on these charges in June 2005.

¶ 3 In January 2003, approximately one month after the police searched Thomas's apartment and found the drugs and paraphernalia for which he was subsequently indicted, Thomas committed acts that resulted in charges being brought against him for aggravated assault, unlawful imprisonment, and hindering prosecution. Thomas was tried and convicted of these crimes in July 2004, almost a year before he was tried on the drug-related charges. After Thomas was convicted of these offenses and prior to his trial on the drug-related charges, the State submitted an addendum to the indictment on the December 2002 drug-related offenses seeking to add each of the convictions resulting from the January 2003 events as historical prior felony convictions.

¶ 4 Thomas objected because the January 2003 offenses occurred after the December 2002 drug-related offenses and thus could not constitute historical prior felony convictions. After a hearing, the court determined that to constitute a "prior historical felony conviction," a class two, three, four or five felony must normally be committed prior to the commission of the offense on which the State seeks to enhance the sentence. Nevertheless, the court also concluded that, pursuant to the statutory definition, certain felony charges, regardless of their class, could constitute historical prior felony convictions even if they were committed after the offense for which the defendant was charged. Thus, in this case, the court determined that the unlawful imprisonment and the hindering prosecution charges could not constitute historical prior felony convictions pursuant to Arizona Revised Statutes ("A.R.S.") section 13–604(W)(2)(b), (c) (Supp.2007) because the offenses occurred *after* the acts on which the drug-related charges were based. But it also determined that the aggravated assault charge, even though it also occurred after the drug-related offenses, could nevertheless constitute an historical prior felony conviction pursuant to A.R.S. § 13–604(W)(2)(a) because it carried with it a term of mandatory imprisonment. Thus, pursuant to § 13–604, the court sentenced Thomas to enhanced presumptive concurrent sentences on all four drug counts as follows: 9.25 years for the possession of dangerous drugs for sale, 4.5 years for the possession of narcotics, 1.75 years for the possession of drug para-

phernalia, and 1.75 years for the possession of marijuana.[1]

¶ 5 We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12–120.21(A)(1) (2003), 13–4031 (2001), and 13–4033(A)(1) (2001). We hold that the trial court erred when it sentenced Thomas pursuant to A.R.S. § 13–604 based on its determination that his aggravated assault conviction constituted an "historical prior felony conviction" even though it occurred after the drug-related crimes for which Thomas was convicted. Because sentencing error generally constitutes fundamental error, we vacate Thomas's sentence and remand for resentencing. *See State v. Hollenback,* 212 Ariz. 12, 16, ¶ 12, 126 P.3d 159, 163 (App.2005) (holding that the "imposition of an illegal sentence is fundamental error") (citation omitted).

## ANALYSIS

■ ¶ 6 "Section 13–604 provides enhanced sentences for defendants who are convicted of a felony and have a 'historical prior felony conviction.'" *State ex rel. Romley v. Hauser,* 209 Ariz. 539, 541, ¶ 8, 105 P.3d 1158, 1160 (2005). Not all of a defendant's previous felony convictions, however, will necessarily qualify as "historical prior felony convictions" because "whether a prior felony conviction falls within the definition of 'historical prior felony conviction' in § 13–

604(V)[2] generally depends on the seriousness and age of the prior offense." *Id.*

¶ 7 Section 13–604(W)(2) defines four different types of felony convictions as "historical prior felony convictions" depending upon the seriousness of the past offense and the time that has lapsed between that offense and the offense for which the defendant is charged. The first subcategory of "historical prior felony convictions," includes "[a]ny prior felony conviction" for six types of designated offenses regardless of by how much the commission of the offense preceded the offense for which the defendant is charged.[3] A.R.S. § 13–604(W)(2)(a). The second subcategory defines class two or three felonies as "historical prior felony convictions" if the offense resulting in the prior conviction "was committed within the ten years immediately preceding the date of the present offense." A.R.S. § 13–604(W)(2)(b). The third subcategory, pertaining to generally less serious felonies, defines class four, five or six felonies as "historical prior felony convictions" if the offense resulting in the conviction "was committed within the five years immediately preceding the date of the present offense." A.R.S. § 13–604(W)(2)(c). The fourth designates any conviction "that is a third or more prior felony conviction" as an historical prior felony conviction regardless of whether it meets other criteria. A.R.S. § 13–604(W)(2)(d).[4]

---

1. Without the enhancement, Thomas's presumptive sentences would have been five years for count one, two and one half years for count two, and one year for each of count three and count four.

2. A.R.S. § 13–604(W)(2)(a)–(d) was previously numbered A.R.S. § 13–604(V)(1)(a)–(d). The current statutory provisions were renumbered, but remain substantively the same. 2005 Ariz. Sess. Laws, ch. 188, § 1 (1st Reg.Sess.).

3. In describing this same statutory subsection, our supreme court indicated that "subdivision (a) ... lists six types of offenses that can be alleged as historical prior felony convictions no matter when they occurred." *State v. Christian,* 205 Ariz. 64, 66–67, ¶ 7, 66 P.3d 1241, 1243–44 (2003). Of course, in the context of the court's general description of this subsection the phrase is accurately understood as meaning no matter when the felonies occurred *prior* to the commission of the felony to which they are alleged to be an historical prior.

4. The statutory provision states as follows:

2. "Historical prior felony conviction" means:
(a) Any prior felony conviction for which the offense of conviction:
(i) Mandated a term of imprisonment ...
...
(b) Any class 2 or 3 felony, except the offenses listed in subdivision (a) of this paragraph, that was committed within the ten years immediately preceding the date of the present offense....
(c) Any class 4, 5 or 6 felony, except the offenses listed in subdivision (a) of this paragraph, that was committed within the five years immediately preceding the date of the present offense....
(d) Any felony conviction that is a third or more prior felony conviction.
A.R.S. § 13–604(W)(2).

¶ 8 The trial court acknowledged that subsections (b) and (c) of the statute explicitly require that the prior offense precede the present offense. But, in the absence of such an explicit requirement in subsection (a), it held that such offenses need not have preceded the offense with which the defendant is charged to be considered a prior historical felony conviction.

¶ 9 We review questions of statutory interpretation de novo. *Phelps Dodge Corp. v. Ariz. Dep't of Water Res.*, 211 Ariz. 146, 148, ¶ 9, 118 P.3d 1110, 1112 (App.2006). In construing a statute, our goal is "to fulfill the intent of the legislature that wrote it." *Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996) (internal quotations omitted). We first consider the statute's language "because we expect it to be the best and most reliable index of a statute's meaning." *Id.* (internal quotations omitted). When a single provision of the statute is not clear in isolation, we determine legislative intent by reading the statute as a whole, by giving meaningful operation to all of its provisions, and by considering factors such as the statute's context, subject matter, historical background, effects and consequences, and spirit and purpose. *Id.* We also interpret statutes "in such a way as to achieve the general legislative goals that can be adduced from the body of legislation in question." *Id.* (internal quotations omitted). Further, "[i]n interpreting a criminal statute, we are also guided by the rule of lenity. This rule dictates that if a criminal statute is susceptible to more than one interpretation ... any doubt should be resolved in favor of the defendant." *State v. Garcia*, 189 Ariz. 510, 513, 943 P.2d 870, 873 (App.1997) (internal quotations and citations omitted).

¶ 10 Among other types of felonies, subsection (a) of § 13–604(W)(2) designates as historical prior felony convictions "[a]ny prior felony conviction" for which imprisonment is mandatory. It is undisputed in this case that imprisonment is mandatory for a conviction of aggravated assault. Thus, if the aggravated assault conviction constitutes a "prior felony conviction," it constitutes an "historical prior felony conviction" for the purposes of § 13–604. In interpreting "prior felony con-

viction" to merely mean an existing felony conviction, however, the trial court deprived the word "prior" of any meaning. If an existing conviction for any of the felonies designated by § 13–604(W)(2)(a) constitutes an "historical prior felony" then there is no need to require, as § 13–604(W)(2)(a) does, that an "historical prior felony conviction" be for a *"prior* felony conviction." A court avoids an interpretation that would render "any of its language mere 'surplusage'"; instead, we "give meaning to 'each word, phrase, clause, and sentence ... so that no part of the statute will be void, inert, redundant, or trivial.'" *Phoenix City Prosecutor's Office v. Ybarra*, 215 Ariz. 374, 379, ¶ 21, 160 P.3d 695, 700 (App.2007) (quoting *Walker v. City of Scottsdale*, 163 Ariz. 206, 210, 786 P.2d 1057, 1061 (App.1989) (internal citations omitted)). The word "prior" is given meaning if it is interpreted to require that the "prior felony" be committed before the offense for which the defendant will be sentenced. *See Garcia*, 189 Ariz. at 513, 943 P.2d at 873 (concluding that the word "prior" in the statutory phrase prior felony conviction "has an implicit retrogressive meaning...."). Otherwise it is deprived of any significance.

¶ 11 Our supreme court previously interpreted "prior felony conviction" in the context of this same statute to require that the commission of the prior felony precede the commission of the offense with which the defendant is charged. *State v. Thompson*, 200 Ariz. 439, 441, ¶ 6, 27 P.3d 796, 798 (2001). In *Thompson*, the court held that the defendant had been convicted of crimes to which he had pled guilty even though he had not yet been sentenced for those crimes. In that case, the defendant committed two drug offenses. *Id.* at 440, ¶ 2, 27 P.3d at 797. Eleven days after the second drug offense, he committed theft. *Id.* He pled guilty to the two drug offenses, but because he absconded he was not sentenced on the drug offenses even though the court had accepted his guilty plea. *Id.* Thereafter, he was tried and convicted on the separate theft charge. *Id.* When the State sought to classify the drug convictions as historical prior felony convictions for purposes of enhancing his sentence on the later-occurring theft, Thomp-

son argued that the drug offenses could not be historical prior felonies because he had not yet been sentenced for the drug offenses, even though he had pled guilty to them prior to his conviction on the theft offenses. *Id.* at ¶¶ 3–4, 27 P.3d 796. The supreme court rejected that argument. *Id.* at 440–41, ¶¶ 6–9, 27 P.3d at 797–98.

¶ 12 In so doing, however, despite the absence in subsection (c) of an explicit requirement that the defendant be convicted of an historical prior felony prior to being convicted of the present offense, the supreme court also held that such a requirement existed:

> The statute does not refer to the timing of the conviction for the prior offense. It just requires the prior offense to precede the present offense. [The defendant], however, argues that the term "historical prior felony conviction," means *the conviction* must precede the present offense. *But the statute provides only that the prior offense must precede the present offense. We do agree that the language "prior felony conviction" means something: the conviction on the prior offense must precede the conviction on the present offense.* In the same subsection of the statute, two of the other definitions of "historical prior felony convictions" presuppose a conviction on the prior offense. A.R.S. § 13–604(V)(1)(a) [and] (d). It would be absurd for the statute to require a conviction for more serious felonies, but not for less serious felonies such as [the defendant's] drug offenses.

*Id.* at 441, ¶ 6, 27 P.3d at 798 (emphases added).

¶ 13 In interpreting the phrase "prior felony conviction" to require that the conviction on the *prior offense* precede the conviction on the present offense, the supreme court clarified that it required both a prior offense and that the conviction on the prior offense precede the conviction on the present offense. "[T]he conviction *on the prior offense* must precede the conviction on the present offense." *Id.* (emphasis added). Thus, to constitute an historical prior felony conviction, a felony must be committed prior in time to the offense(s) with which the defendant is presently charged, and the conviction

on that prior offense must occur prior to the conviction on the present offense.

¶ 14 In arriving at this interpretation, the court in *Thompson* also examined the statutory definition as a whole, using the presuppositions of a prior conviction in subsections (a) and (d) to inform the explicit requirement in subsections (b) and (c) that the commission of the prior offense precede the commission of the present offense. By interpreting the phrase "prior felony conviction" to require both, it gave the phrase a logical and consistent meaning throughout the statute. "We strive to construe a statute and its subsections as a consistent and harmonious whole." *State v. Wagstaff,* 164 Ariz. 485, 491, 794 P.2d 118, 124 (1990) (citation omitted).

¶ 15 When our supreme court re-examined the statutory definition of "historical prior felony conviction" in *Hauser,* it again noted that "the relevant measurement [in determining whether a conviction is an historical prior felony conviction is] from the date of the prior offense to the date of the present offense." 209 Ariz. at 542 n. 2, 105 P.3d at 1161 n. 2. This court followed the supreme court in that respect, interpreting the phrase "historical prior felony conviction" in § 13–604(W) to "mean that 'the conviction on the *prior offense* must precede the conviction on the *present offense.*'" *State v. Ofstedahl,* 208 Ariz. 406, 407, ¶ 4, 93 P.3d 1122, 1123 (App. 2004) (quoting *Thompson,* 200 Ariz. at 441, ¶ 6, 27 P.3d at 798 (emphases added)).

¶ 16 The trial court's interpretation of § 13–604(W)(2)(a) in this case is inconsistent with these authoritative interpretations of the statute. It also frustrates the harmony of the interpretation provided by the supreme court. The supreme court's interpretation of § 13–604(W)(2) merely imposes different time requirements by which the prior felony must precede the present offense depending upon the seriousness of the prior offense. The trial court, however, interpreted the various subsections of § 13–604(W)(2) to adopt different standards for determining the nature of a prior felony conviction that apply differently with respect to the same facts.

¶ 17 For example, Thomas committed the crimes of aggravated assault, unlawful imprisonment and hindering prosecution after he committed the crimes with which he was charged. Because these acts were committed after he had committed the drug-related offenses, the trial court correctly concluded that the unlawful imprisonment and hindering prosecution charges could not be "prior felony convictions" to the drug-related charges under § 13–604(W)(2). But, it arrived at the anomalous conclusion that even though the aggravated assault was committed at the same time, it could nevertheless constitute an historical prior felony conviction to the drug-related offenses. Such an interpretation imposes an inconsistent meaning on the phrase "prior felony conviction" within the same statutory subsection and with respect to the same facts.

¶ 18 Further, it is inconsistent with the intent of the Legislature. In an initial reference to A.R.S. § 13–604 shortly after its passage, our supreme court made clear that in most cases, statutes like A.R.S. § 13–604, defining an historical prior felony, require both that a crime take place and that the defendant be convicted of that crime prior to the offense for which the defendant is being charged for the first offense to constitute an historical prior felony conviction for the second. The reason for this requirement is "to serve as a warning to first offenders and encourage their reformation." It observed:

> Recidivist or enhancement statutes, A.R.S. § 13–604 in the new Criminal Code, generally require that the prior conviction be based on an offense committed before the offense for which the defendant is being sentenced. Both the prior conviction and the prior offense must have occurred before the second offense was committed. This view is in harmony with the purpose of the recidivist or enhancement statute, which is to serve as a warning to first offenders and encourage their reformation.

*State v. Steelman*, 126 Ariz. 19, 25, 612 P.2d 475, 481 (1980).

¶ 19 However, within months, the supreme court clarified in *State v. Hannah*, 126 Ariz. 575, 576, 617 P.2d 527, 528 (1980), the difference between § 13–604 and "true recidivist statutes." In *Hannah*, the defendant committed four forgeries in early November 1978. *Id.* He subsequently committed three class two felonies on August 10, 1979. *Id.* at 575, 617 P.2d at 527. The defendant was convicted of the November 1978 forgery charges in October 1979, several months after he committed the August felonies. *Id.* at 576, 617 P.2d at 528. Prior to the defendant's trial on the August felonies, the county attorney alleged that the November 1978 forgery charges on which he had been convicted in October 1979 were historical prior felonies to the August 1979 felonies. *Id.* The supreme court agreed and held that in circumstances in which the prior offense preceded the principal offense, the conviction on the prior offense need not occur before the principal offense was committed to enhance a sentence under § 13–604. *Id.* at 577, 617 P.2d at 529.

¶ 20 Although *Hannah* did not involve offenses committed on separate occasions that were consolidated for trial, the court did note that its conclusion was bolstered by subsection (H) of § 13–604 that applied to such circumstances. As it then existed subsection (H) stated:

> [c]onvictions for two or more offenses not committed on the same occasion but consolidated for trial purposes may, at the discretion of the state, be counted as prior convictions for purposes of this section. Convictions for two or more offenses committed on the same occasion shall be counted as only one conviction for purposes of this section.

The court observed that in the case of separate criminal offenses consolidated for trial, "subsection H of § 13–604 makes it clear that conviction of the other offense need not occur prior to the commission of the principal offense." *Id.* at 576, 617 P.2d at 528.

¶ 21 Four years later in *State ex rel. Collins v. Superior Court*, 142 Ariz. 280, 689 P.2d 539 (1984), the supreme court suggested that subsection (H) applied to the sequence of the commission of offenses combined for trial as well as to the sequence of convictions. In that case, the State consolidated two separate criminal charges against the defendant for purposes of indictment and trial pursuant

to subsection (H). *Id.* at 281, 689 P.2d at 540. Of the two different charges that were to be concurrently tried, the State sought to have the charge that was committed first designated as a prior conviction for the crime that was committed second. *Id.* The *Collins* court noted that subsection (H) provided for consolidated trials; it also recognized the previous dicta in *Hannah* which stated that in such cases, either conviction could constitute an historical prior conviction for the other. *Id.* While it was not necessary to the decision in *Collins,* the court then suggested that, when charges were consolidated for trial, subsection (H) also authorized a subsequently committed crime to constitute a prior conviction to a first crime so long as the charges were concurrently tried and there was a conviction for that subsequent crime. *Id.* at 282, 689 P.2d at 541. "We believe subsection (H) provides ... [a] prior conviction may be used to enhance a subsequent conviction even though the prior conviction was for an offense which occurred after the occurrence of the offense which formed the basis of the subsequent conviction." *Id.*

¶ 22 *Collins* was the only Arizona case to suggest that a subsequently committed felony could nevertheless constitute a "prior conviction." However, *Collins* explicitly relied on subsection (H) as exclusive authority for that anomalous result. Since that time, as our supreme court recently explained in discussing the history of § 13–604, "the legislature eliminated the 'consolidated for trial' provision of § 13–604(H) ... and thus put an end to sentence enhancement under § 13–604 for 'prior' convictions occurring at the same trial." *Hauser,* 209 Ariz. at 541, ¶ 13, 105 P.3d at 1160; *see also Ofstedahl,* 208 Ariz. at 408, ¶ 5, 93 P.3d at 1124 (holding that "the legislature eliminated *Hannah* priors by deleting that provision in its 1993 revision of the sentencing code.... Consequently, [cases interpreting and applying former § 13–604(H)] are not applicable....").

¶ 23 When the Legislature deleted subsection (H) it also revised A.R.S. § 13–702.02 (2001) to provide a less-severe sentencing

enhancement for a defendant who is tried for multiple crimes at the same trial.[5] Nevertheless, in such cases, the Legislature specified that the sentencing enhancement is only available for the "second or subsequent offense." A.R.S. § 13–702.02(A). "Conviction for the later offense therefore cannot be used under § 13–702.02 to enhance the sentence for the earlier offense, no matter when the conviction for the later offense occurs." *Hauser,* 209 Ariz. at 543, ¶ 20, 105 P.3d at 1162. Therefore, with the deletion of the relevant portion of subsection (H), the Legislature deleted the only statutory authority that has ever been interpreted to allow a subsequently-committed crime to count as a prior conviction for purposes of enhancing the punishment on an offense committed earlier. The "decision to delete language ... is strong evidence that [the] Legislature did not intend [the] omitted matter should be effective." *Stein v. Sonus USA, Inc.,* 214 Ariz. 200, 203, ¶ 11, 150 P.3d 773, 776 (App.2007) (internal quotations omitted). Even if such authority still existed, it would not be applicable here, as Thomas was not concurrently tried on separate criminal charges.

¶ 24 The dissent cites *State v. Phillips,* 202 Ariz. 427, 441, ¶ 77, 46 P.3d 1048, 1062 (2002), for the proposition that pursuant to § 13–604(W)(2)(a), a subsequent offense can serve as an historical prior felony conviction if the conviction for the subsequent offense occurs before the conviction on the present offense. However, that was not the issue the court was analyzing in *Phillips.*

¶ 25 In *Phillips,* the defendant committed robberies with another defendant on April 12, 24, and 28 of 1998. *Id.* at 431, ¶ 1, 46 P.3d at 1052. A number of separate crimes occurred during these robberies, including a homicide that occurred during the course of the last robbery on April 28. *Id.*

¶ 26 Two days before the April 28 robbery, on April 26, 1998, Phillips committed a robbery by himself. *Id.* at 441, ¶ 77, 46 P.3d at 1062. Phillips was convicted of the April 26 robbery and related charges before he was tried for the string of robberies he commit-

---

**5.** In 1996, through a further amendment, the Legislature also extended this less-severe enhancement to defendants who have been convict-

ed and who have prior felony convictions that "are not historical prior felony convictions as defined in § 13–604." A.R.S. § 13–702.02(A).

ted with the accomplice that included the April 28 homicide. *See id.*

¶ 27 Like *Thompson,* the defendant in *Phillips* only argued that because he had not been *convicted* of the April 26 robbery at the time that he committed the other three robberies, his conviction on the April 26 robbery could not be used to enhance the sentence for the non-homicide charges arising from the other three robberies. *Id.* The court, in citing *Thompson,* noted that "[w]e have previously rejected this argument." *Id.* at ¶ 78. It then held that because the conviction for the April 26 robbery was entered before the convictions for the other robberies, Phillips' conviction for the prior offense preceded the conviction for the offense for which Phillips was charged and was thus not disqualified from being an historical prior felony conviction. *Id.*

¶ 28 *Phillips* did not raise, and the Arizona Supreme Court did not address, whether under *Thompson* it was error for the superior court to use a conviction for a subsequent crime to enhance the defendant's sentences for the April 12 and April 24 robberies. Although *Thompson* suggests that it was error, this argument was not raised by the defendant, and because the sentences actually imposed on Phillips for the April 12 and 24 non-homicide offenses were not discussed in *Phillips,* it is not clear whether the enhancement had any practical effect on Phillips' non-homicide sentences. Thus, *Phillips* is not on point.[6]

¶ 29 After considering the plain language of the statute read as a whole, the case law, and the statutory history, we conclude that in order to qualify as a "prior felony conviction" pursuant to A.R.S. § 13–604(W)(2)(a), the prior offense must precede the offense for which the defendant is charged, and the prior conviction must precede the conviction on the crime charged. It was thus error for the trial court to treat the aggravated assault conviction as an historical prior felony in sentencing Thomas.

6.  In *Phillips,* the sentencing enhancement at issue pertained only to the non-homicide convictions. "The trial court relied on Phillips' prior felony convictions from the robbery he committed alone on April 26, 1998, to enhance his non-

**CONCLUSION**

¶ 30 Based on the foregoing, we vacate Thomas's sentence and remand for resentencing consistent with this opinion.

CONCURRING: DONN KESSLER, Judge.

BARKER, Judge, dissenting.

¶ 31 May a subsequent felony *offense* be a "prior felony *conviction*" under A.R.S. § 13–604(W)(2)(a)? Because that particular statutory subdivision expressly provides for this result, I would affirm.

**I.**

¶ 32 The only facts necessary for the resolution of this issue deal with the dates of the commission of the offenses and the convictions for offenses at issue.

¶ 33 The operative facts are as follows: The drug offenses at issue were committed on December 18, 2002. The aggravated assault, that was determined to be an historical prior felony conviction for purposes of sentencing on the drug offenses, was committed on January 14, 2003, *after* the drug offenses. The date of conviction on the aggravated assault was July 14, 2004, *before* the conviction of June 2, 2005, for the drug offenses. Thus, on the facts, a subsequently *committed* felony offense (the aggravated assault) was a prior felony conviction (to the drug offenses).

**II.**

**A.**

¶ 34 The question at issue here has the possibility of arising in any setting in which the defendant commits a first felony offense followed by subsequent felony offenses. The defendant may be convicted of the subsequent offenses before he is convicted of an earlier offense. Can the trial court treat the convictions for the subsequent offenses as prior historical felony convictions under

homicide convictions from the April 12, 24, and 28 robberies." *Phillips,* 202 Ariz. at 441, ¶ 77, 46 P.3d at 1062. Thus, any failure by Phillips to raise available arguments on appeal did not occur in the context of a death penalty review.

A.R.S. § 13–604(W)(2)(a) for purposes of enhancing the sentence for the conviction of the earlier felony offense? In other words, may a subsequent felony *offense* be a prior felony *conviction* under § 13–604(W)(2)(a)? It may, if the felony conviction falls within one of the six specified categories under subsection (W)(2)(a).

## B.

¶ 35 The relevant statutory provision reads as follows:

2. "Historical prior felony conviction" means:

(a) *Any prior felony conviction* for which the offense of conviction:

(i) Mandated a term of imprisonment
. . .

. . .

(b) Any class 2 or 3 felony, except the offenses listed in subsection (a) of this paragraph, that was committed within the ten years immediately preceding the date of the present offense. . . .

(c) Any class 4, 5 or 6 felony, except the offenses listed in subsection (a) of this paragraph, that was committed within the five years immediately preceding the date of the present offense. . . .

(d) Any felony conviction that is a third or more prior felony conviction.

A.R.S. § 13–604(W)(emphasis added).[7]

¶ 36 When construing a statute, "[w]e first consider the statute's language." *Zamora v. Reinstein,* 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996); *see also State v. Williams,* 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993) ("[I]n interpreting the meaning of a statute . . . [w]e look first to the statute's language. . . ."). As needed, we also consider

"the statute's context, subject matter, historical background, effects and consequences, and spirit and purpose." *Zamora,* 185 Ariz. at 275, 915 P.2d at 1230; *see also Williams,* 175 Ariz. at 102, 854 P.2d at 135 ("[O]ther sources of legislative intent . . . . include the statute's context, subject matter, historical background, consequences, spirit, purpose, and policy."). However, "[w]here the [statutory] language is plain and unambiguous, courts generally must follow the text as written." *Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co., Inc.,* 177 Ariz. 526, 529, 869 P.2d 500, 503 (1994). As the *Canon* court stated, "absent a clear indication of legislative intent to the contrary," the court will not "construe the words of a statute to mean something other than what they plainly state." *Id.* In fact,

It is only where there is no doubt as to the intention of those who frame [a] . . . statute that a court may modify, alter or supply words that will "obviate any repugnancy to or inconsistency with such intention," and by so doing permit "particular provisions" to be read or construed otherwise than "according to their literal meaning."

*Id.* (quoting *Bd. of Supervisors v. Pratt,* 47 Ariz. 536, 542–43, 57 P.2d 1220, 1223 (1936)) (citations omitted).

¶ 37 In this case, the language of the statute is plain as to the issue with which we are confronted. Subsection (W)(2)(a)(i) applies to convictions which "mandate[ ] a term of imprisonment." A.R.S. § 13–604(W)(2)(a)(i). As to those convictions, subsection (W)(2)(a)(i) permits an offense to be a prior historical felony conviction based solely on the date of conviction: "[a]ny *prior* felony *conviction* for which the offense of conviction . . . [m]andated a term of imprisonment."

7. The full text of the six subcategories under A.R.S. § 13–604(W)(2)(a) is as follows:

2. "Historical prior felony conviction" means:
(a) Any prior felony conviction for which the offense of conviction:
(i) Mandated a term of imprisonment except for a violation of chapter 34 of this title involving a drug below the threshold amount; or
(ii) Involved the intentional or knowing infliction of serious physical injury; or
(iii) Involved the use or exhibition of a deadly weapon or dangerous instrument; or

(iv) Involved the illegal control of a criminal enterprise; or
(v) Involved aggravated driving under the influence of intoxicating liquor or drugs, driving while under the influence of intoxicating liquor or drugs with a suspended, canceled, revoked or refused driver license or driving under the influence of intoxicating liquor or drugs with two or more driving under the influence of intoxicating liquor or drug convictions within a period of sixty months; or
(vi) Involved any dangerous crime against children as defined in § 13–604.01.

*Id.* (emphasis added). Subsection (W)(2)(a) makes no requirement as to the timing of the commission of the enhancing offense with respect to the commission of the present offense. A "prior felony conviction" may in fact be a felony offense that was committed subsequently.

¶ 38 Subsections (W)(2)(b) and (c) differ in this regard. A.R.S. § 13–604(W)(2)(b),(c). Those subsections govern the use of class 2, 3, 4, 5, and 6 felony convictions that do *not* mandate a term of imprisonment. *Id.* Subsections (b) and (c) require that the enhancing felony offense must have been committed, respectively, in the ten- or five-year period "immediately preceding" the *commission* of the offense set for sentencing. *Id.* Thus, a "prior felony conviction" may *not* include a subsequent felony offense under these subsections. Both subsections (b) and (c) have an exception for felonies that fall under subsection (a). *Id.*

¶ 39 Simply put, the plain language of subsection (a) does not require commission of the enhancing offense to precede commission of the offense set for sentencing.[8] All that is required is that the *conviction* for the enhancing offense occur prior to the conviction for the offense for which a defendant is being sentenced. Nor is it appropriate to imply such a requirement in subsection (a) when the legislature explicitly created a time of offense requirement in subsections (b) and (c). If the legislature wants the commission

of the enhancing offense to precede the commission of the present offense at issue for subsection (a) felonies, it may say so.[9] See *State v. Thompson,* 200 Ariz. 439, 441, ¶ 10, 27 P.3d 796, 798 (2001). But, "[w]hen the language of a statute is clear, it is determinative of the statute's construction." *Id.* at 440, ¶ 6, 27 P.3d at 797.

### C.

¶ 40 This construction of subsection (W)(2)(a) is consistent with the construction that the Arizona Supreme Court has previously given to § 13–604(W)(2) in related and similar settings.

¶ 41 In *Thompson,* the defendant committed two prior drug offenses. 200 Ariz. at 440, 27 P.3d at 797. He committed a theft offense eleven days after the second drug offense. *Id.* He pled guilty to the two drug offenses first. *Id.* He was then convicted by a jury of the theft offense. *Id.* The State sought to classify the drug convictions as historical prior felony convictions for purposes of enhancing the sentence on the theft conviction. *Id.* at ¶ 3, 27 P.3d 796. The defendant argued that because the drug *convictions* did not occur before the commission of the theft offense, the sentence for the theft conviction could not be enhanced by the drug convictions as they were not "prior" felony convictions. *Id.* The court rejected this argument and concluded that A.R.S. § 13–604(W)(2)(c)[10] required that the conviction

---

**8.** In *State v. Christian,* 205 Ariz. 64, 66 P.3d 1241 (2003), the Arizona Supreme Court interpreted A.R.S. § 13–604 as it relates to a different issue than we are considering. In its summary of the statute, the court said that subsection (a) "lists six types of offenses that can be alleged as historical prior felony convictions *no matter when they occurred.*" *Christian,* 205 Ariz. at 66–67, ¶ 7, 66 P.3d at 1243–44 (emphasis added). The court's statement supports this reading of the statute. There is the possibility that the legislature intended that felonies falling under subsection (a) be treated as historical prior felony convictions no matter how many years before the present offense they were committed, but that they must still be committed before the present offense as in subsections (W)(2)(b) and (c). If that was the legislature's intent, however, the statute does not convey it.

**9.** Thomas argued at the sentencing hearing that not requiring the enhancing offense to precede

the present offense leads to a perverse result. He claims that this interpretation of the statute allows the prosecutor to strategically file charges and obtain convictions on later offenses so as to enhance the sentences for earlier offenses. For example, because the order of offenses is irrelevant for subsection (a) purposes, the State can decide to file charges and obtain a conviction for a later offense first, then use that conviction to enhance the sentence for the earlier offense. Without agreeing that prosecutors do this, any advantage is limited because by prosecuting the later offense first, they lose the ability to use the earlier offense to enhance the sentence on the later offense.

**10.** At the time of the *Thompson* case, the statutory provision was numbered A.R.S. § 13–604(V)(1)(c). *Thompson,* 200 Ariz. at 440, ¶ 3, 27 P.3d at 797. The current statutory provisions have been renumbered but are substantively the same for purposes of this analysis.

for the prior offense occur before the *conviction* for the subsequent offense, not before the *commission* of the subsequent offense. *Id.* at 441, ¶ 6, 27 P.3d at 798. The court also noted that the specific subsection of the statute applicable in *Thompson* "requires the prior offense to precede the present offense." *Id.; see* A.R.S. § 13–604(W)(2)(c). Although the issue was different in *Thompson*—whether the conviction must precede a subsequent offense to qualify under subsection (W)(2)(c)—the court declined to read into the statute a requirement that the felony conviction precede the felony *offense* for which the sentencing enhancement was sought. *Thompson,* 200 Ariz. at 440–41, ¶¶ 6–7, 10, 27 P.3d at 797–98. Although dealing with a different issue, our construction of subsection (W)(2)(a) is consistent with the Arizona Supreme Court's construction of subsection (W)(2)(c).

¶ 42 Additionally, in *State v. Phillips,* 202 Ariz. 427, 441, ¶ 77, 46 P.3d 1048, 1062 (2002), the defendant committed robberies with another individual on April 12, 24, and 28 of 1998. On April 26, 1998, he committed a robbery alone. *Id.* He was convicted of the April 26 robbery first. *Id.* at ¶ 78, 46 P.3d 1048. He argued that because he had not been convicted of the April 26 robbery until after he committed the other three robberies, his conviction of the April 26 robbery could not be used to enhance the sentence for the other three robberies. *Id.* at ¶ 77, 46 P.3d 1048. The court applied *Thompson* and held that because the conviction for the April 26 robbery was entered before the convictions for the other robberies, the April 26 robbery conviction could be used to enhance the sen-

tences for the two prior robberies committed on April 12 and 24 as well as the subsequent robbery on April 28. *Id.* at ¶ 78, 27 P.3d 796.

¶ 43 The *Phillips* decision does not reference the applicable subsection of § 13–604(W)(2), but it is apparent that is was subsection (W)(2)(a). The April 26 robbery was committed after two of the other robberies and before the third robbery. As the April 26 robbery was used as a "prior" for the April 12 and April 24 robberies, it is clear that the Arizona Supreme Court was applying subsection (W)(2)(a), as subsections (b) and (c) do not allow enhancement based on a subsequent offense. The April 26 robbery used as a prior felony conviction was obviously a *subsequent* felony *offense* to the April 12 and 24 robberies, which were committed fourteen days and two days earlier, respectively. The Supreme Court's holding in *Phillips* that "[a] trial court may use a prior felony conviction for enhancement purposes *whenever 'the conviction on the prior offense ... precede[s] the conviction on the present offense'"* applies to, and is consistent with, the statutory language in § 13–604(W)(2)(a) and as interpreted herein. *Id.* at 441, ¶ 78, 46 P.3d at 1062 (quoting *Thompson,* 200 Ariz. at 441, ¶¶ 6–7, 27 P.3d at 798).

¶ 44 Thomas's interpretation of subsection (W)(2)(a), holding that a "prior felony conviction" cannot include a subsequently committed offense, would mean that the Arizona Supreme Court fundamentally erred in *Phillips,* by imposing an illegal sentence, as the court used such a felony to impose an enhanced sentencing scheme on the April 12 and 24 offenses in that case.[11] *See State v.*

---

11. The full text of the Arizona Supreme Court's discussion is as follows:

> The trial court relied on Phillips' prior felony convictions from the robbery he committed alone on April 26, 1998, *to enhance his non-homicide convictions* from the April 12, 24, and 28 robberies. Phillips argues that because he was not convicted of the April 26 robbery until after he had committed the April 12, 24, and 28 robberies, the trial court could not use the April 26 convictions.
> We have previously rejected this argument. A trial court may use a prior felony conviction for enhancement purposes whenever "the conviction on the prior offense ... precede[s] the conviction on the present offense." *State v.*

> *Thompson,* 200 Ariz. 439, 441 ¶¶ 6–7, 27 P.3d 796, 798 ¶¶ 6–7 (2001). Phillips' convictions from the April 26 robbery were entered before his convictions for the April 12, 24, and 28 robberies. Thus, the trial court correctly concluded that Phillips' April 26 convictions constituted historical prior felonies for purposes of enhancing the non-homicide sentences stemming from the April 12, 24, and 28 robberies. *Phillips,* 202 Ariz. at 441, ¶¶ 77–78, 46 P.3d at 1062. It is clear that the Arizona Supreme Court was aware it was utilizing a subsequent felony offense as a prior felony conviction for the robberies on April 12 and 24.
> The felony conviction for the April 26 robbery was also used to satisfy the A.R.S. § 13–703(F)(2) aggravator for the death sentence imposed due to

*Kelly,* 190 Ariz. 532, 534, ¶ 5, 950 P.2d 1153, 1155 (1997) (stating that the improper use of prior convictions "for purposes of sentence enhancement constitutes fundamental error"); *State v. Derello,* 199 Ariz. 435, 437, ¶ 6, 18 P.3d 1234, 1236 (App.2001) (same). Rather than committing fundamental error in *Phillips,* I prefer to think the court was following the plain language of the statute, consistent with its prior holdings.

## D.

¶ 45 Thomas argues, however, that the current statute was intended to eliminate *"Hannah"* priors, meaning priors for which the time of commission does not matter, and that construing the plain language as we have done is contrary to that intent. *See State v. Hannah,* 126 Ariz. 575, 617 P.2d 527 (1980), *superseded by statute as explained in Christian,* 205 Ariz. at 68–69 n. 11, ¶ 15, 66 P.3d at 1245–46 n. 11. Thomas first points to *State ex rel. Romley v. Hauser,* 209 Ariz. 539, 541–42 n. 2, ¶ 13, 105 P.3d 1158, 1160–61 n. 2 (2005), as a basis for his argument.

¶ 46 In *Hauser,* referencing generally the amendments to what is now A.R.S. § 13–604(W)(2), the court noted that "[t]hese changes to the measurement calculus were designed to eliminate so-called 'Hannah priors.'" *Id.* *Hauser* addressed whether offenses that did not qualify under A.R.S. § 13–604(W)(2)(c), because they exceeded the five-year time period, could be used for sentencing enhancement purposes under A.R.S. § 13–702.02 (2001). *Id.* at 540, ¶¶ 1–2, 105 P.3d at 1159. That latter section pertains to a person "who is convicted of two or more felony offenses that were not committed on the same occasion but that either are consolidated for trial purposes or are not historical prior felony convictions as defined in § 13–604." A.R.S. § 13–702.02(A). In holding that such felony offenses could be used for sentence enhancement under § 13–702.02, the court made the following statement which is at issue here:

the homicide that occurred during the April 28 robbery. *Id.* at 439, ¶ 57, 46 P.3d at 1060. However, the issue here is not presented as to the April 28 robbery and death sentence as the

The 1993 amendments made a number of other significant changes to the statutory framework. Among other changes, the legislature enacted revised time limits on the use of prior convictions for sentence enhancement under § 13–604. 1993 Ariz. Sess. Laws, ch. 255, § 7 (codified at § 13–604(V)); *see Christian,* 205 Ariz. at 68 ¶ 15 n. 11, 66 P.3d at 1245. The legislature also changed the relevant inquiry with respect to the time limits. Before 1993, the relevant measurement was from the date of the prior conviction to the date of the present offense. *See* A.R.S. § 13–604(A) (1989) ("[A] person who . . . stands convicted of a class 3, 4, or 5 felony . . . and who has previously been convicted of any felony within ten years next preceding the date of the present offense."). Since 1993, the relevant measurement has been from the date of the prior offense to the date of the present offense. *See* A.R.S. § 13–604(V)(2)(b) ("Any class 2 or 3 felony . . . that was committed within the ten years immediately preceding the date of the present offense."); A.R.S. § 13–604(V)(2)(c) ("Any class 4, 5 or 6 felony . . . that was committed within the five years immediately preceding the date of the present offense."). These changes to the measurement calculus were designed to eliminate so-called *"Hannah* priors." *See State v. Hannah,* 126 Ariz. 575, 617 P.2d 527 (1980) (holding that under prior version of statute sequence of convictions, rather than offenses, determined eligibility for enhancement); *State ex rel. Collins v. Superior Court,* 142 Ariz. 280, 282, 689 P.2d 539, 541 (1984) (relying on *Hannah* for the proposition that "it [was] not necessary that the 'prior conviction' be also a prior offense").

*Hauser,* 209 Ariz. at 541–42 n. 2, ¶ 13, 105 P.3d at 1160–61 n. 2. When taken out of the context of ruling on subsections (b) and (c), this footnote can be misunderstood.

¶ 47 As noted earlier, only two of the four subsections to § 13–604 "were designed to eliminate so-called 'Hannah priors.'" In

April 26 offense was prior to those April 28 offenses. The issue is only present as to the non-homicide convictions for offenses on April 12 and April 24.

this sense, it is important to distinguish that the phrase "*Hannah* priors" has two distinct meanings. As noted in *Hauser*, "*Hannah* priors" has been used to refer to the rule that the "sequence of convictions, rather than offenses, determined eligibility for enhancement." *Id.* (citing *Hannah*, 126 Ariz. 575, 617 P.2d 527). Additionally, the term "*Hannah* priors" has also been used to reference the practice "under *Hannah*, when a defendant was convicted of three felony counts that were tried together, the State could allege two of the convictions as priors for the other conviction." *Christian*, 205 Ariz. at 68–69 n. 11, ¶ 15, 66 P.3d at 1245–46 n. 11.

¶ 48 The footnote in *Hauser* stands for the proposition that the concept of "*Hannah* priors" was replaced by A.R.S. § 13–702.02 and –3419 in terms of multiple offenses that occurred on different occasions that were tried at the same time. *Hauser* also stands for the proposition that the "sequence of convictions, rather than offenses" was no longer the sole criterion in determining eligibility for enhancement under subsections (b) and (c) of § 13–604(W)(2). *Hauser*, 209 Ariz. at 541–42 n. 2, ¶ 13, 105 P.3d at 1160–61 n. 2. As noted above, the statutory language for subsections (b) and (c) expressly requires that, to qualify as a prior conviction under those subsections, the prior conviction must be based on an offense that occurred prior to the offense being sentenced. A.R.S. § 13–604(W)(2)(b) (pertaining to specified offenses "committed within the ten years immediately preceding the date of the present offense"); A.R.S. § 13–604(W)(2)(c) (pertaining to specified offenses that were "committed within the five years immediately preceding the date of the present offense").

¶ 49 The same considerations do not apply, however, to felony convictions under subsection (W)(2)(a). Although it addressed the historical background of § 13–604 generally, *Hauser* did not directly deal with either subsection (W)(2)(a) or (d). In neither of these settings, dealing with serious offenses including those for which prison is mandated (subsection (a)), or third prior felony convictions (subsection (d)), did the legislature change the prior sequence based on convictions rather than offenses as determining eligibility.

Most importantly, the legislature did not choose, as it did with subsections (b) and (c), to limit prior felony convictions under subsections (a) and (d) to offenses that were committed within a time-period "preceding the date of the present offense." A.R.S. § 13–604(W)(2)(b), (c). *Hannah* priors, meaning priors based on "the sequence of convictions rather than offenses," *Hauser*, 209 Ariz. at 541–42 n. 2, ¶ 13, 105 P.3d at 1160–61 n. 2, were *not* eliminated as to convictions under subsections (a) and (d). A.R.S. § 13–604(W)(2)(a), (d). Rather, the statutory language expressly provides for a timing sequence based on the date of "conviction." *Hauser* has no holding to the contrary.

¶ 50 In *Thompson*, there are also general statements referencing that "the prior offense must precede the present offense" in order to qualify for enhancement under the statute. 200 Ariz. at 441, ¶ 6, 27 P.3d at 798. Again, this language was in the context of a case proceeding under subsection (W)(2)(c), which had the specific statutory requirement that the prior offense must precede the present offense. When *Hauser* characterizes *Thompson* as "recognizing that for § 13–604 enhancement 'the prior offense must precede the present offense,'" 209 Ariz. at 543, ¶ 20, 105 P.3d at 1162, this again must be read in the context of a prior conviction that falls within subsection (W)(2)(b) or (c) as contrasted with subsection (W)(2)(a) or (d).

¶ 51 That a "prior felony conviction" under subsection (W)(2)(a) may be a subsequently committed offense is also consistent with the legislative policy underlying § 13–604. That policy, as set forth in *Christian*, describes generally the four basic subsections as defined in that statute:

Thus, the legislative policy was to differentiate the treatment of repeat offenders based on four factors: whether the prior convictions were serious in nature, whether the prior crimes for less serious offenses were committed relatively recently with respect to the present offense, whether the prior conviction was a third felony conviction, or whether the crimes committed on different occasions were consolidated for trial.

*Christian,* 205 Ariz. at 68–69 n. 11, ¶ 15, 66 P.3d at 1245–46 n. 11. Thus, the policy of allowing prior felony convictions under subsections (a) and (d) (dealing with either serious offenses or third felony convictions) is consistent with the statutory language which allows the use of a prior conviction based on the date of the conviction, without regard to the date of the offense. Accordingly, in this sense, *"Hannah* priors" have not been eliminated as to subsections (a) and (d).[12] *Id.*

### E.

¶ 52 Two other Arizona cases also contain either general statements or dicta for which a proper setting and explanation may be helpful. In *State v. Steelman,* 126 Ariz. 19, 23–25, 612 P.2d 475, 479–81 (1980), the Arizona Supreme Court construed then-A.R.S. § 13–454(E)(2), which provided for an aggravator in a death penalty case when "[t]he defendant was previously convicted of a felony in the United States involving the use of threat of violence on another person."[13] In *Steelman,* the "acts which served as the basis for the convictions were committed after" the murders at issue. 126 Ariz. at 23, 612 P.2d at 479. The court found that the use of prior convictions based on subsequent offenses was permissible, because "[t]he statute makes no reference to when the acts underlying those convictions must have been committed." *Id.* at 25, 612 P.2d at 481. This is consistent with the interpretation of § 13–604(W)(2)(a) set forth herein.

¶ 53 However, as part of its analysis, the court contrasted the death penalty aggravator at issue with "[r]ecividist or enhancement statutes, [such as] A.R.S. § 13–604 in the new Criminal Code, [that] generally require that the prior conviction be based on an offense committed before the offense for

which the defendant is being sentenced." *Id.* As noted, § 13–604 was not at issue in *Steelman.* Subsequently, when specifically construing the version of § 13–604 commented on in *Steelman,* the Arizona Supreme Court held that " § 13–604 is not a true recidivist statute as that term is commonly understood.... Our state legislature has clearly indicated that it was concerned not only with deterring the commission of crime, but also with punishing the persistent or repetitive offender *regardless of when the defendant committed the other offense." State ex rel. Collins v. Superior Court In and For Maricopa County,* 142 Ariz. 280, 281–82, 689 P.2d 539, 540–41 (1984) (construing A.R.S. § 13–604(H)) (emphasis added). The Arizona Supreme Court held that under that version of § 13–604 "[a] prior conviction may be used to enhance a subsequent conviction even though the prior conviction was for an offense which occurred after the occurrence of the offense which formed the basis of the subsequent conviction." *Id.* at 282, 689 P.2d at 541. This, too, as explained herein, is consistent with the Arizona Supreme Court's subsequent decisions in *Phillips* and *Christian* pertaining to those portions of § 13–604(W)(2) (subsections (a) and (d) as contrasted with (b) and (c)) which do not have a specific legislative requirement as to the timing of the offenses rather than the convictions.

¶ 54 In *State v. Fallon,* 151 Ariz. 188, 189, 726 P.2d 604, 605 (App.1986), this court had before it the issue of whether then-§ 13–702(H) "is to be applied retroactively to designate an open-end offense as a felony in order to trigger the repeat felony offender provisions of A.R.S. §§ 13–604.01 or 13–604." This court held that "[i]n order to trigger the

12. Thomas also argues that "if the court is still not convinced that the meaning and purpose of the statute is clear," the "rule of lenity" requires us to resolve the issue in favor of Thomas. The court need not consider whether any rule of lenity should apply in this situation as the statute is clear and unambiguous. *See Garcia v. Browning,* 213 Ariz. 598, 602, ¶ 9, 146 P.3d 1007, 1011 (App.2006), *rev'd on other grounds,* 214 Ariz. 250, 151 P.3d 533 (2007) (stating that rule of lenity only applies if a statute's language is unclear and the "statute's context, history, subject matter, effects and consequences, spirit, and purpose"

do not clarify the matter); *Taylor v. Cruikshank,* 214 Ariz. 40, 46, ¶ 25, 148 P.3d 84, 90 (App. 2006) (same).

13. The version of A.R.S. § 13–454(E)(2) relied upon in *Steelman* has been renumbered and slightly revised to provide in pertinent part as follows: "The defendant has been or was previously convicted of a serious offense, whether preparatory or completed." A.R.S. § 13–703(F)(2) (Supp.2007). The changes have no impact on the analysis here.

enhanced sentencing provisions of A.R.S. § 13–604.01 or 13–604 for repeat felony offenders, the defendant must have had a prior felony conviction at the time of the second offense." *Id.* at 190, 726 P.2d at 606. Without commenting on what may or may not be required under § 13–604.01, this statement in *Fallon* as to § 13–604 is directly contrary to the Arizona Supreme Court's construction of the then-version of § 13–604(H) in *Collins,* and therefore cannot stand.

## III.

¶ 55 It is clear that the trial court correctly applied the statute to the present facts. On July 14, 2004, well before the convictions in the drug offenses, Thomas was convicted of aggravated assault, a class 3 felony; unlawful imprisonment, a class 6 felony; and hindering prosecution, a class 5 felony. Minute Entry filed February 22, 2005, *State v. Thomas,* No. CR–2005–0276 (Mohave County Super. Ct.2005).[14] The trial court found that the aggravated assault was a dangerous offense pursuant to A.R.S. § 13–604(I). *Id.* As a dangerous class 3 felony, the aggravated assault conviction carries a mandatory term of imprisonment. *See* A.R.S. § 13–604(I). Because imprisonment is mandatory, the conviction falls under A.R.S. § 13–604(W)(2)(a)(i). The offense upon which the conviction was based occurred after the commission of the drug offenses. However, as discussed above, the timing of the commission of the offense is irrelevant under subsection (W)(2)(a) of the statute. Thus, the aggravated assault conviction is a historical prior felony *conviction* even though the *commission* of the offense occurred after the commission of the drug-related offenses at issue here.

¶ 56 The trial court also found that the unlawful imprisonment and hindering prosecution felony convictions were non-dangerous felonies. Minute Entry filed February 22, 2005, *Thomas,* No. CR–2005–0276. As non-dangerous felonies, they do not carry mandatory terms of imprisonment. *See* A.R.S. § 13–604(F). These convictions, as non-dan-

gerous class 5 or class 6 felonies, fall under A.R.S. § 13–604(W)(2)(c), which requires that the commission of the enhancing offense occur before the commission of the present offense. The fact that Thomas committed the unlawful imprisonment and hindering prosecution offenses after the drug-related offenses thus prohibits them from being historical prior felony convictions.

¶ 57 In sum, the trial court acted properly when it treated the aggravated assault conviction as a historical prior felony conviction under A.R.S. § 13–604(W)(2)(a), but not the unlawful imprisonment and hindering prosecution convictions.

## IV.

¶ 58 For the reasons set forth herein, I would affirm the judgment entered in the trial court.

---

**14.** The court may take judicial notice of the minute entry issued by the superior court in the separate criminal proceedings which resulted in

Thomas's conviction for aggravated assault. *See State v. Valenzuela,* 109 Ariz. 109, 110, 506 P.2d 240, 241 (1973).