SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | Arizona Supreme Court |
| | ) | No. CR-08-0051-PR |
| Appellee, | ) | |
| | ) | Court of Appeals |
| v. | ) | Division One |
| | ) | No. 1 CA-CR 05-0770 |
| MARCEL BARRY THOMAS, | ) | |
| | ) | Mohave County |
| Appellant. | ) | Superior Court |
| | ) | No. CR2004-0704 |
| | ) | |
| | ) | |
| | ) | **O P I N I O N** |
| _____ | ) | |

Appeal from the Superior Court in Mohave County
The Honorable Steven F. Conn, Criminal Presiding Judge

**AFFIRMED**
_____

Opinion of the Court of Appeals, Division One
217 Ariz. 413, 175 P.3d 71 (App. 2008)

**VACATED**
_____


TERRY GODDARD, ARIZONA ATTORNEY GENERAL                   Phoenix
     By   Kent Catanni, Chief Counsel,
          Criminal Appeals Section
          Diane L. Hunt, Assistant Attorney General        Tucson
Attorneys for State of Arizona

DANA P. HLAVAC, MOHAVE COUNTY PUBLIC DEFENDER            Kingman
     By   Jill L. Evans
Attorney for Marcel Barry Thomas
_____


**M c G R E G O R**, Chief Justice

¶1      We  granted  review  to  determine  whether  a  felony

conviction resulting from an offense committed after the defendant committed the sentencing offense qualifies as a historical prior felony conviction under Arizona Revised Statutes (A.R.S.) section 13-604.W.2(a) (Supp. 2007). We hold that, for those felonies enumerated in § 13-604.W.2(a), conviction for the enhancing offense must occur before conviction for the sentencing offense, but the statute imposes no requirement as to the timing of the commission of the offenses.

## I.

¶2 In June 2005, Marcel Barry Thomas was convicted on four drug-related charges arising out of acts committed in December 2002. In June 2004, Thomas was convicted of aggravated assault, unlawful imprisonment, and hindering prosecution for acts committed in January 2003. The assault-related convictions thus preceded the drug-related convictions, although the assault-related acts occurred after the drug-related acts.

¶3 When the trial court sentenced Thomas on the drug-related convictions, it treated Thomas's aggravated assault conviction as a "historical prior felony conviction" under § 13-604.W.2(a)(i), making Thomas eligible for an enhanced sentence. Rejecting Thomas's argument that the aggravated assault conviction is not a historical prior felony conviction because he committed the assault after he committed the drug-related offenses, the trial court sentenced him to enhanced presumptive

2

concurrent sentences on all four drug-related offenses.[1]

¶4        A divided court of appeals vacated Thomas's enhanced sentences. *State v. Thomas*, 217 Ariz. 413, 415 ¶ 5, 175 P.3d 71, 73 (App. 2008).  The majority held that Thomas's prior felony conviction for aggravated assault could not be used to enhance his sentences because he committed that offense after he committed the drug-related offenses.  *Id.*  In dissent, Judge Barker argued that, under the plain language of § 13-604.W.2(a), whether a conviction qualifies as a historical prior felony conviction depends solely upon the date of the conviction "if the felony conviction falls within one of the specified categories under [§ 13-604.W.2(a)]."  *Id.* at 421 ¶ 34, 175 P.3d at 79 (Barker, J., dissenting).

¶5        We granted review to decide this recurring issue of statewide importance.  *See* Ariz. R. Crim. P. 31.19(c)(3).  We exercise jurisdiction pursuant to Article 6, Section 5.3 of the Arizona Constitution and A.R.S. § 13-4031 (2001).

## II.

¶6        When resolving questions of statutory interpretation, we first consider the language of the statute, which provides "the best and most reliable index of a statute's meaning."

---

[1]    Thomas received 9.25 years for possession of dangerous drugs for sale, 4.5 years for possession of narcotics, 1.75 years for possession of drug paraphernalia, and 1.75 years for possession of marijuana.

3

*Janson v. Christensen*, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991); *see also State v. Thompson*, 200 Ariz. 439, 440 ¶ 6, 27 P.3d 796, 797 (2001).  Our primary "goal is 'to fulfill the intent of the legislature that wrote [the statute].'" *Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996) (quoting *State v. Williams*, 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993)).  "When the plain text of a statute is clear and unambiguous there is no need to resort to other methods of statutory interpretation to determine the legislature's intent because its intent is readily discernable from the face of the statute." *State v. Christian*, 205 Ariz. 64, 66 ¶ 6, 66 P.3d 1241, 1243 (2003).

¶7      Section 13-604.W.2 defines four categories of "historical prior felony convictions."[2]  The first category,

---

[2]   Arizona Revised Statutes § 13-604.W.2 provides:

"Historical prior felony conviction" means:

(a) Any prior felony conviction for which the offense of conviction:

(i) Mandated a term of imprisonment except for a violation of chapter 34 of this title involving a drug below the threshold amount; or

(ii) Involved the intentional or knowing infliction of serious physical injury; or

(iii) Involved the use or exhibition of a deadly weapon or dangerous instrument; or

4

defined in subdivision (a), "lists six types of offenses that can

be alleged as historical prior felony convictions no matter when

---

    (iv) Involved the illegal control of a criminal enterprise; or

    (v) Involved aggravated driving under the influence of intoxicating liquor or drugs, driving while under the influence of intoxicating liquor or drugs with a suspended, canceled, revoked or refused driver license or driving under the influence of intoxicating liquor or drugs with two or more driving under the influence of intoxicating liquor or drug convictions within a period of eighty-four months; or

    (vi) Involved any dangerous crime against children as defined in § 13-604.01.

    (b) Any class 2 or 3 felony, except the offenses listed in subdivision (a) of this paragraph, that was committed within the ten years immediately preceding the date of the present offense. Any time spent on absconder status while on probation or incarcerated is excluded in calculating if the offense was committed within the preceding ten years. If a court determines a person was not on absconder status while on probation that time is not excluded.

    (c) Any class 4, 5 or 6 felony, except the offenses listed in subdivision (a) of this paragraph, that was committed within the five years immediately preceding the date of the present offense. Any time spent on absconder status while on probation or incarcerated is excluded in calculating if the offense was committed within the preceding five years. If a court determines a person was not on absconder status while on probation that time is not excluded.

    (d) Any felony conviction that is a third or more prior felony conviction.

A.R.S. § 13-604.W.2 (Supp. 2007). Effective January 1, 2009, this language appears in A.R.S. § 13-105.22. 2008 Ariz. Sess. Laws, ch. 301, §§ 10, 15 (2nd Reg. Sess.).

they occurred." *Christian*, 205 Ariz. at 66-67 ¶ 7, 66 P.3d at 1243-44; § 13-604.W.2(a). The second category, defined in subdivision (b), includes "[a]ny class 2 or 3 felony" not listed in subdivision (a) "that was committed within the ten years immediately preceding the date of the present offense." § 13-604.W.2(b). The third category, defined in subdivision (c), includes "[a]ny class 4, 5, or 6 felony" not listed in subdivision (a) "that was committed within the five years immediately preceding the date of the present offense." § 13-604.W.2(c). The final category, defined in subdivision (d), includes "[a]ny felony conviction that is a third or more prior felony conviction." § 13-604.W.2(d).

¶8 One of the six types of offenses that can be alleged as historical prior felony convictions under subdivision (a) is "[a]ny prior felony conviction for which" a term of imprisonment is mandated. § 13-604.W.2(a)(i). Thomas concedes that his conviction for aggravated assault mandated a term of imprisonment; therefore, as the court of appeals recognized, if Thomas's aggravated assault conviction is "a prior felony conviction," then it is a "historical prior felony conviction" for purposes of the statute. *See Thomas*, 217 Ariz. at 416 ¶ 10, 175 P.3d at 74.

¶9 Thomas's conviction for aggravated assault occurred nearly one year prior to his conviction for the drug-related

6

offenses. Therefore, when Thomas was convicted for his drug offenses, he had a *prior* conviction for an offense that mandated imprisonment. The statutory language requires no more to bring Thomas's aggravated assault conviction within the terms of subdivision (a).

¶10    The court of appeals, however, interpreted the statute as imposing the additional requirement that the enhancing offense be *committed* before the offense set for sentencing was committed. We reject that interpretation of the statute because the statutory language includes "no requirement as to the timing of the commission of the enhancing offense with respect to the commission of the [sentencing] offense." *Id.* at 422 ¶ 37, 175 P.3d at 80 (Barker, J., dissenting). The absence of such a timing requirement means that "[a] 'prior felony conviction' may in fact be a [conviction for a] felony offense that was committed subsequently." *Id.*

¶11    The language chosen by the legislature for subdivisions (b) and (c), which differs significantly from that in subdivision (a), bolsters our conclusion. *See* § 13-604.W.2(b)-(c). Subdivisions (b) and (c) apply only if the enhancing felony was *committed* within the five- or ten-year period "immediately preceding" commission of the offense set for sentencing. Had the legislature intended to apply a comparable time-of-commission limitation to felony convictions that fall within subdivision

7

(a), it surely would have used the same clear language that it included in subdivisions (b) and (c).[3]

**III.**

**¶12**      Because the language of § 13-604.W.2(a) is clear, we "'apply it without resorting to other methods of statutory interpretation,' . . . unless application of the plain meaning would lead to impossible or absurd results." *Bilke v. State*, 206 Ariz. 462, 464 ¶ 11, 80 P.3d 269, 271 (2003) (quoting *Hayes v. Cont'l Ins. Co.*, 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994)). Reading subdivision (a) as imposing a timing-of-conviction requirement and no timing-of-commission requirement, however, does not "lead to impossible or absurd results."

**¶13**      In § 13-604, the legislature

> differentiate[d] the treatment of repeat offenders based on four factors: whether the prior convictions were serious in nature, whether the prior crimes for less serious offenses were committed relatively recently with respect to the present offense, whether the prior conviction was a third [or more] felony conviction, or whether the crimes committed on different occasions were consolidated for trial.[4]

---

[3]    Consistent with this interpretation of subdivisions (b) and (c), the trial court correctly held that Thomas's convictions for unlawful imprisonment and hindering prosecution do not qualify as historical prior felony convictions because the offenses do not fall into one of the six categories under subdivision (a) and the commission of the offenses did not occur during the specified time period "immediately preceding" the date of the drug-related offenses.

[4]    The fourth factor, concerning offenses consolidated for trial, now appears in § 13-702.02, which replaced a previous

*Christian*, 205 Ariz. at 69 n.11 ¶ 15, 66 P.3d at 1246 n.11. Under this scheme, as the seriousness of the offense underlying the prior felony conviction increases, the restrictions on the use of that conviction to enhance the sentence for a later conviction decrease.[5] The legislative decision to allow a prior felony conviction for the more serious offenses identified in subdivision (a) to enhance the sentence for a later offense, regardless of when the defendant committed the enhancing offense, does not lead to an impossible or absurd result.

## IV.

¶14     Although we have never directly addressed the precise issue presented today, our holding is consistent with previous decisions interpreting § 13-604.W.2 and its predecessor statutes.[6]

¶15     In *State v. Thompson*, we discussed the relationship

---

subdivision of § 13-604.  *Christian*, 205 Ariz. at 69 n.11 ¶ 15, 66 P.3d at 1246.  Section 13-702.02 treats this situation less severely than was true under the previous version of § 13-604. *Id.*

[5]   The types of offenses the legislature considered to be most serious include those listed in subdivision (a).  *See supra* note 2.

[6]   In 2001, when we first considered language substantially similar to the present form, the relevant language appeared in § 13-604.V.1.  *See* A.R.S. § 13-604.V.1 (2001).  In 2003, the legislature redesignated subdivision V.1 as V.2 and, in 2005, the legislature redesignated subsection V as subsection W.  *See* 2003 Ariz. Sess. Laws, ch. 11, § 1 (1st Reg. Sess.); 2005 Ariz. Sess. Laws, ch. 188, § 1 (1st Reg. Sess.).

between time of offense and time of conviction for offenses that fall under subdivision (c). 200 Ariz. at 440-41 ¶ 6, 27 P.3d at 797-98. There, we specifically considered whether conviction for an enhancing offense must precede commission of the sentencing offense if the enhancing offense is to be considered a prior felony conviction.[7] *Id.* at 440-41 ¶¶ 5-6, 27 P.3d at 797-98. We held that subdivision (c), which includes timing-of-commission language, requires that commission of "the prior offense must precede the present offense." *Id.* at 441 ¶ 6, 27 P.3d at 798. Although we did not directly address subdivision (a), we observed in dicta that the term "prior felony conviction" means that "the conviction on the prior offense must precede the conviction on the present offense" and that the definitions of "historical prior felony conviction" in subdivisions (a) and (d) "presuppose a conviction on the prior offense." *Id.*

¶16 In *State v. Phillips*, we more directly addressed the issue of whether subdivision (a) requires that a conviction for the enhancing offense must precede commission of the sentencing

---

[7] Thompson committed his second felony offense after he committed the first two related felonies, but before he was convicted of those offenses. *Thompson*, 200 Ariz. at 440 ¶ 2, 27 P.3d at 797. He pled guilty to the first felonies, but because he absconded, he was not sentenced for them. *Id.* Eventually he was taken into custody, found guilty of the second felony offense, and sentenced in a consolidated hearing on all three offenses. *Id.* The trial court enhanced Thompson's sentence pursuant to § 13-604.V.1(c), the predecessor to § 13-604.W.2(c). *Id.* at 440 ¶ 3, 27 P.3d at 797.

10

offense. 202 Ariz. 427, 441 ¶¶ 77-78, 46 P.3d 1048, 1062 (2002).[8] Phillips and an accomplice committed a series of robberies on April 12, 24, and 28. *Id.* at 441 ¶ 77, 46 P.3d at 1062. Acting alone, Phillips committed an additional robbery on April 26. *Id.* The trial court used Phillips' conviction of the April 26 robbery, which was entered first, as a historical prior felony conviction to enhance the April 12, 24, and 28 robbery sentences. *Id.* Phillips argued that the April 26 robbery could not be considered a prior felony conviction because he had not been convicted of that robbery when he committed the other robberies. *Id.* We agreed with the trial court that the timing-of-conviction requirement in § 13-604.W.2(a) allowed use of the April 26 conviction as a historical prior felony "for purposes of enhancing the . . . sentences stemming from the April 12, 24, and 28 robberies." *Id.* at 441 ¶ 78, 46 P.3d at 1062. Today's holding comports with these previous decisions.

## V.

¶17    Because Thomas was convicted of aggravated assault before he was convicted of the drug-related offenses, the aggravated assault conviction qualifies as a historical prior felony conviction. Accordingly, we vacate the opinion of the

---

[8]    Although we did not specifically cite § 13-604.W.2(a) as the relevant sentencing statute, the discussion of the nature of the offenses and the timing of their commission makes clear that this statute applied.

11

court of appeals and affirm the sentences imposed by the trial court.

_____
Ruth V. McGregor, Chief Justice

CONCURRING:

_____
Rebecca White Berch, Vice Chief Justice

_____
Michael D. Ryan, Justice

_____
Andrew D. Hurwitz, Justice

_____
W. Scott Bales, Justice