NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

LEROY MONTOYA, *Appellant.*

No. 1 CA-CR 12-0719
FILED 03/04/2014

---

Appeal from the Superior Court in Mohave County
No.   S8015CR20070095
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Robert A. Walsh
*Counsel for Appellee*

Kaiser James Wilson, P.L.L.C., Flagstaff
By Jeffrey A. James
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Acting Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Randall M. Howe and Chief Judge Diane M. Johnsen joined.

---

**D O W N I E**, Judge:

**¶1**        Leroy Montoya contends the trial court incorrectly found that he has two historical prior felony convictions for purposes of sentence enhancement.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        Montoya was indicted in Mohave County in 2008 for trafficking in stolen property in the first degree, a class 2 felony, with an alleged offense date of between September 1, 2006, and November 1, 2006. That charge was consolidated with other criminal matters pending in Mohave County cause number CR 2007-0095.  In that proceeding, the State alleged the following prior convictions for purposes of sentence enhancement:

> California conviction on September 17, 1997, for possession of an assault weapon;

> California convictions on October 18, 2000, for taking a vehicle without owner consent and grand theft from person (collectively, the "2000 California Offenses");

> California conviction on June 7, 2002, for corporal injury to spouse/cohabitant; and

> Arizona conviction on June 12, 2007, for theft, a class 6 felony, and fraudulent schemes and artifices, a class 2 felony (CR 2007-0363).

**¶3**        In a different criminal proceeding in Mohave County (CR 2007-0058), Montoya was convicted of three felonies.  At the April 2009 sentencing in that matter, the court relied on two prior felony convictions in sentencing Montoya: a 2001 California conviction for possession of an assault weapon and the Arizona theft conviction in CR 2007-0363.  The

trial court later determined that its use of the California assault weapon conviction was improper and re-sentenced Montoya. At re-sentencing in CR 2007-0058, the court relied on the theft conviction in CR 2007-0363 and the 2000 California conviction for taking a vehicle without owner consent.

¶4        In May 2009, Montoya was found guilty of the felony trafficking offense in CR 2007-0095. He demanded to be sentenced as soon as the jury was dismissed. *State v. Montoya*, 1 CA-CR 09-0416, 2011 WL 704860, at *7, ¶ 33 (Ariz. App. Mar. 1, 2011) (mem. decision). The trial court advised that it would sentence Montoya using the same two prior felony convictions established in the earlier matter (CR 2007-0058), and Montoya acquiesced. *Id.* The court asked if Montoya admitted the two felony convictions, Montoya replied in the affirmative, and the court sentenced him accordingly. *Id.* On appeal, we affirmed the conviction but remanded for re-sentencing because the trial court failed to conduct an appropriate colloquy before accepting Montoya's admission to the prior felonies. *Id.* at *8, ¶ 35.

¶5        On remand, Montoya filed a "Re-Sentencing Memorandum" in which he objected to the characterization of his convictions as historical prior felonies under Arizona Revised Statutes ("A.R.S.") section 13-604(W)(2)(d) ("'Historical prior felony conviction' means . . . [a]ny felony conviction that is a third or more prior felony conviction.").[1] Although he admitted the felony convictions in CR 2007-0363 and 2007-0058, Montoya argued that none of the California convictions would have been felonies had they been committed in Arizona. *See State v. Ault*, 157 Ariz. 516, 520, 759 P.2d 1320, 1324 (1988) (foreign convictions considered for sentence enhancement purposes must be equivalent of felony convictions in Arizona). If the California convictions were not included, Montoya argued, the State could not establish the requisite historical prior felony convictions under A.R.S. § 13-604(W)(2)(d).

¶6        At the re-sentencing hearing, the State introduced into evidence a California "Abstract of Judgment—Prison Commitment," reflecting that Montoya had been convicted of the 2000 California Offenses on October 18, 2000. The State also proved that the fingerprints in the abstract matched Montoya's. But the State conceded it had no

---

[1]        Unless otherwise indicated, we cite and rely on the statutes in effect when Montoya committed the trafficking offense. The definitions of historical prior felony conviction are now found in A.R.S. § 13-105(22)(a)-(d) (2013).

evidence the 2000 California Offenses were committed on separate dates or that the grand theft property offense would be a felony if committed in Arizona. *See* A.R.S. § 13-604(M) (convictions for two or more offenses committed on "same occasion" count as one conviction); *State v. Crawford*, 214 Ariz. 129, 131, ¶ 7, 149 P.3d 753, 755 (2007) ("Before using a foreign conviction for sentencing enhancement purposes under § 13-604, the superior court must first conclude that the foreign conviction includes 'every element that would be required to prove an enumerated Arizona offense.'"). The State therefore asked the court to treat the 2000 California Offenses as one prior felony. Focusing on the taking a vehicle without owner consent conviction, the State asserted there was "no need to compare the [Arizona and California] statutes word for word" to determine whether the offense would have been a felony if committed in Arizona because "[u]nder any theory in Arizona, you take somebody's vehicle . . . you got a felony." The State further argued that the theft conviction in CR 2007-0363 was Montoya's "second felony" and that "any one" of the convictions in CR 2007-0058 would constitute a "third or more" conviction.

¶7 The trial court found that the California statute prohibiting taking a vehicle without consent sufficiently "match[ed]" the Arizona joyriding statute and that it "would find, if necessary," that the California conviction "would be a prior felony from 2000." It further determined that the convictions in CR 2007-0363, considered as a whole, and those in CR 2007-0058, considered as a whole, constituted two prior felonies. The court then sentenced Montoya to 10.5 years — the super-mitigated sentence for a class 2 felony with two historical prior felony convictions.[2]

¶8 Montoya timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) (2013) and 13-4033(A)(1) (2013).

## DISCUSSION

¶9 Montoya asserts that the trial court erred by: (1) relying on his convictions in CR 2007-0058 for sentence enhancement purposes because the State failed to allege them prior to trial; and (2) finding that he had two historical prior felony convictions.

---

[2] In 2006, a super-mitigated sentence with one historical prior would have been 4.5 years.

## I.     Failure to Amend Charging Document

¶10     The State was required to allege the prior convictions in CR 2007-0058 "prior to the date the case [was] actually tried," but concedes that it did not do so.  A.R.S. § 13-604(P).  Because Montoya failed to object to this omission in the trial court, we review for fundamental error only.  *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005).  Under that standard, Montoya must show that fundamental error occurred and that it prejudiced him.  *See id.* at ¶ 20.

¶11     We agree with the State that Montoya has not demonstrated the requisite prejudice. The State's amendment of the charging document to allege the California convictions, as well as the convictions in CR 2007-0363, put Montoya on notice that his prior felony convictions could enhance his sentence.  *See State v. Benak*, 199 Ariz. 333, 337, ¶ 16, 18 P.3d 127, 131 (App. 2001) (notice sufficient if defendant "not 'misled, surprised or deceived in any way by the allegations' of prior convictions").  More importantly, any asserted prejudice is belied by Montoya's own sentencing memorandum, which specifically discussed the State's intent to use his convictions in CR 2007-0058.

¶12     We find no fundamental error in using Montoya's convictions in CR 2007-0058 for purposes of sentence enhancement.

## II.    Historical Priors

¶13     We review *de novo* a trial court's determination that a prior conviction constitutes an historical prior felony.  *State v. Cotten*, 228 Ariz. 105, 110, ¶ 15, 263 P.3d 654, 659 (App. 2011) (citations omitted).  "[P]rior convictions for sentence enhancement purposes must be established by clear and convincing evidence."  *State v. Cons*, 208 Ariz. 409, 415, ¶ 15, 94 P.3d 609, 615 (App. 2004).

¶14     The State argues the convictions in CR 2007-0058 and CR 2007-0363 are historical prior felony convictions pursuant to A.R.S. § 13-604(W)(2)(d) — "[a]ny felony conviction that is a third or more prior felony conviction."  It argues that under that provision, the 2000 California Offenses constitute Montoya's first and second felony convictions, rendering the two subsequent Arizona convictions his third and fourth.[3]

---

[3]     Although the State's answering brief appears to concede this point, at oral argument, counsel for the State suggested that the record could

¶15        According to Montoya, the record is devoid of evidence establishing that the 2000 California Offenses qualify as two prior felonies. *See State v. Provenzino*, 221 Ariz. 364, 369, ¶ 19, 212 P.3d 56, 61 (App. 2009) (burden of proving prior convictions for sentence-enhancement purposes is on State).  As noted *supra*, the prosecutor made no attempt in the trial court to demonstrate that the 2000 California Offenses were committed on separate dates or that the grand theft property offense would have been a felony if committed in Arizona.  *See* A.R.S. § 13-604(M) ("Convictions for two or more offenses committed on the same occasion shall be counted as only one conviction for purposes of this section."); *Crawford*, 214 Ariz. at 131, ¶ 7, 149 P.3d at 755 (use of foreign conviction to enhance sentence is appropriate if court finds it includes "every element" necessary to prove enumerated Arizona offense).

¶16        The State asks us to take judicial notice of the Mohave County proceedings in CR 2007-0058, observing that we may affirm even if the trial court failed to perform the appropriate analysis of both California convictions.  *See State v. Perez*, 141 Ariz. 459, 464, 687 P.2d 1214, 1219 (1984) ("We are obliged to affirm the trial court's ruling if the result was legally correct for any reason.").  We may take judicial notice "of any matter of which the trial court may take judicial notice, even if the trial court was never asked to do so."  *State v. McGuire*, 124 Ariz. 64, 66, 601 P.2d 1348, 1349 (App. 1978); *accord Visco v. Universal Refuse Removal Co.*, 11 Ariz. App. 73, 74, 462 P.2d 90, 91 (1969) ("[I]t is proper for a court to take judicial notice of the record in another action tried in that same court.").

¶17        In CR 2007-0058, the State offered the felony complaints and court dockets for each of the 2000 California Offenses.  In that case, the superior court specifically found that each offense was committed on a separate date and that each would have been a felony if committed in Arizona.

¶18        We could remand this case for re-sentencing, where the trial court could then take judicial notice of the record and findings in CR 2007-0058 and perform the appropriate analysis.  *See State v. Schackart*, 190 Ariz. 238, 247, 947 P.2d 315, 324 (1997) ("[T]he customary way to prove a prior offense is by introducing appropriate documentary evidence in the trial court.").  Notions of judicial economy, though, dictate against such action.

support finding more than one prior felony offense in CR 2007-0363 or 2007-0058.  Based on our conclusion that the record sufficiently establishes two felony convictions from California, we need not address this issue.

The State asks us to take judicial notice of appropriate records and to perform a purely legal analysis. *See State v. Robertson*, 128 Ariz. 145, 147, 624 P.2d 342, 344 (App. 1980) (taking judicial notice of laws of another state). The State made its request in its answering brief and proffered the relevant documentation. Montoya did not reply in opposition.

### A.    Taking of Vehicle

**¶19**         Montoya was charged with Unlawful Driving or Taking of a Vehicle, in violation of California Vehicle Code ("Cal. Veh. Code") § 10851(a) (2000). Specifically, he was alleged to have taken a vehicle from "Enterprise" on or about June 14, 2000. In sentencing Montoya on remand, the superior court compared the elements of this California offense to the Arizona offense of unlawful use of means of transportation, concluding that the elements matched in all relevant respects. We agree.

**¶20**         Cal. Veh. Code § 10851(a) (2000) states that a person is guilty of unlawful taking of a vehicle when he or she "drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle." The elements of this California offense match the elements of our offense of unlawful use of means of transportation, a class 5 felony. *See* A.R.S. § 13-1803(A)(1), (B) (2000). A person is guilty of that offense if he or she "without intent permanently to deprive . . . [k]nowingly takes unauthorized control over another person's means of transportation." *Id.* at (A)(1).

### B.    Grand Theft From Person

**¶21**         Montoya was charged in California with grand theft from person, in violation of California Penal Code ("Cal. Penal Code") § 487(c) (2000). Specifically, he was alleged to have taken property from Yolanda Chavez on or about January 5, 2000.

**¶22**         Cal. Penal Code 487(c) (2000) states that grand theft occurs when "property is taken from the person of another." In Arizona, theft occurs when a person knowingly and without lawful authority, "[c]ontrols property of another with the intent to deprive the other person of such property." A.R.S. § 13-1802(A)(1) (2000). Theft is a class 6 felony when the property is "taken from the person of another." *Id.* at (E). The elements of the California and Arizona offenses match in relevant respects, such that the California offense would have been a felony if committed in Arizona.

### C. Application of A.R.S. § 13-604(W)(2)(d)

**¶23** Montoya was convicted of the 2000 California Offenses and the felony offenses in CR 2007-0363 and 2007-0058 before he was convicted in CR 2007-0095. *See State v. Phillips*, 202 Ariz. 427, 441, ¶ 78, 46 P.3d 1048, 1062 (2002) ("A trial court may use a prior felony conviction for enhancement purposes whenever 'the conviction on the prior offense . . . precede[s] the conviction on the present offense.'"); *cf. State v. Thomas*, 219 Ariz. 127, 129-30, ¶¶ 8-12, 194 P.3d 394, 396-97 (2008) (language referring to "any" felony conviction imposes "a timing-of-conviction requirement" but "no timing-of-commission requirement").

**¶24** Viewing the conviction dates chronologically, *see State v. Christian*, 205 Ariz. 64, 67 n.8, ¶ 8, 66 P.3d 1241, 1244 n.8 (2003), the 2000 California Offenses were Montoya's first and second felonies. His conviction in CR 2007-0363 was his third, and his conviction in CR 2007-0058 was his fourth. Montoya was therefore properly sentenced with two historical priors. *See* A.R.S. § 13-604(W)(2)(d) (historical prior felony is "[a]ny felony conviction that is a third or more prior felony conviction").

## CONCLUSION[4]

¶25      For the reasons stated, we affirm Montoya's sentence.



**Ruth A. Willingham** · **Clerk of the Court**
FILED: gsh

---

[4]      After this matter was fully briefed and oral argument had been set, Montoya filed a *pro se* motion to dismiss his current lawyer, asking us to appoint new counsel.  We deny his request.