NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JON JEFFREY SHOEMAKER, *Petitioner*.

No. 1 CA-CR 20-0283 PRPC
FILED 11-3-2020

Petition for Review from the Superior Court in Yavapai County
No. P1300CR201700740
The Honorable Tina R. Ainley, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Lewis Andrew Citrenbaum
*Counsel for Respondent*

Jon Jeffrey Shoemaker, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr., Judge Maria Elena Cruz, and Judge Paul
J. McMurdie delivered the decision of the court.

**PER CURIAM**:

¶1         Petitioner Jon Jeffrey Shoemaker petitions this court for review from the dismissal of his petition for post-conviction relief.  Absent an abuse of discretion or error of law, this court will not disturb the superior court's ruling on a petition for post-conviction relief.  *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).  However, we review issues of statutory interpretation de novo.  *State v. Peek*, 219 Ariz. 182, 183, ¶ 6 (2008) (citation omitted).  We have considered the petition for review and, for the reasons stated, deny relief.

¶2         Shoemaker was charged with sale or transportation of dangerous drugs, a Class 2 felony (Count 1); sale or transportation of narcotic drugs, a Class 2 felony (Count 3); two counts of possession of drug paraphernalia, Class 6 felonies (Counts 2 and 4); and tampering with physical evidence, a Class 6 felony (Count 5), all occurring on March 11, 2017.  The State filed an allegation of prior convictions, alleging the following prior felony convictions:

(1) On May 26, 1994, Shoemaker was convicted of possession of a controlled substance and three counts of possession of a bad check or money order, occurring on August 9, 1993 in California ("1994 California convictions");

(2) On May 18, 2000, Shoemaker was convicted of sexual penetration with a foreign object with a victim under 16 years of age and child stealing, occurring on January 9, 2000 in California ("2000 California convictions"); and

(3) On May 18, 2004, Shoemaker was convicted of sexual conduct with a minor, a Class 3 felony, occurring on October 30, 1999 in Arizona ("2004 Maricopa conviction").

¶3         The State later filed an amended allegation of prior convictions, adding that on April 12, 2018, Shoemaker was convicted of conspiracy to commit possession of dangerous drugs for sale, a Class 2 felony, occurring on July 6, 2017 in Arizona ("2018 Maricopa conviction").

¶4         On April 3, 2019, Shoemaker pled guilty to Count 1 without historical prior felony convictions, and guilty to Counts 2-5 with two historical priors.  He admitted to four prior felony convictions:  possession of a controlled substance (1994 California conviction), sexual penetration with a foreign object and child stealing (2000 California convictions), and sexual conduct with a minor (2004 Maricopa conviction).  The superior

court sentenced Shoemaker to seven years, to be served without eligibility for early-release credits, for sale or transportation of dangerous drugs under Arizona Revised Statutes ("A.R.S.") section 13-3407(E). On the remaining counts, the court sentenced Shoemaker as a category three repetitive offender to concurrent mitigated terms, the longest being twelve years. *See* A.R.S. § 13-703(C). The court ordered all counts be served concurrent to each other and concurrent to the 2018 Maricopa conviction.

¶5 Shoemaker timely initiated post-conviction relief proceedings. Appointed counsel found no viable claims for relief, and Shoemaker then filed a *pro se* petition. Shoemaker raised claims of ineffective assistance of counsel and illegal sentence, *see* Ariz. R. Crim. P. Rule 33.1(a), (c), but failed to make an argument concerning ineffective assistance of counsel. After the State responded, the superior court summarily dismissed the petition. This petition for review followed.

¶6 On review, Shoemaker again challenges his sentence. Because he committed multiple felonies on the same occasions, Shoemaker states his 1994 California convictions count as his first felony and his 2000 California convictions as his second. Thus, Shoemaker argues he only has one historical felony conviction—the 2004 Maricopa conviction—and should be sentenced as a category two repetitive offender. *See* A.R.S. § 13-703(B), (L); *State v. Rasul*, 216 Ariz. 491, 496, ¶ 22 (App. 2007). The State did not respond to Shoemaker's petition for review. However, in its response at the trial level, the State argued that Shoemaker's 2018 Maricopa conviction is a historical conviction for enhancement purposes. *See* A.R.S. § 13-105(22)(a)(*i*). The superior court did not address the State's argument in its dismissal.

¶7 A conviction occurs when there is a determination of guilt by verdict, finding, or the acceptance of a plea. *State v. Thompson*, 200 Ariz. 439, 441, ¶ 7 (2001). A historical prior felony conviction is "[a]ny felony conviction that is a third or more prior felony conviction." A.R.S. § 13-105(22)(d). A superior court must count the prior felony convictions forward, from oldest to newest, when determining the third prior felony conviction. *See State v. Decenzo*, 199 Ariz. 355, 358, ¶ 9 (App. 2001). The focus is on the conviction date, not the commission date, of the crime. *See State v. Thomas*, 219 Ariz. 127, 130-31, ¶¶ 12, 17 (2008) (relying on the defendant's conviction dates of prior felonies in determining that the defendant's sentence was properly enhanced).

¶8 Convictions for two or more offenses committed on the same occasion may be counted as only one conviction for the purpose of

sentencing. A.R.S. § 13-703(L); *Rasul*, 216 Ariz. at 496, ¶ 22. To determine if two or more offenses were committed on the same occasion, the court must look at the specific facts of the case. *State v. Kelly*, 190 Ariz. 532, 534, ¶ 6 (1997) (a court must analyze "1) time, 2) place, 3) number of victims, 4) whether the crimes were continuous and uninterrupted, and 5) whether they were directed to the accomplishment of a single criminal objective.").

**¶9** A historical prior felony conviction is also a prior conviction that "[m]andated a term of imprisonment except for a violation of chapter 34 . . . involving a drug below the threshold amount." A.R.S. § 13-105(22)(a)(*i*). Under this subsection, there is no timing requirement. *Thomas*, 219 Ariz. at 129, ¶ 7. Thus, a crime committed after—but convicted before—the offense-at-issue may be used as a historical prior felony conviction to enhance a defendant's sentence. *Id.* at 130, ¶ 9.

**¶10** Shoemaker's 1994 and 2000 California convictions are two prior felony convictions. Thus, the 2004 Maricopa conviction is his first historical prior felony conviction. *See* A.R.S. §§ 13-105(22)(d), -703(L). Even if the superior court erred when it counted the two 2000 California convictions as separate offenses, the 2018 Maricopa conviction was Shoemaker's second historical felony conviction. Although Shoemaker did not separately admit to the 2018 conviction, he was sentenced to concurrent sentences for the felonies committed in the instant case and the felony for which he was convicted in the 2018 Maricopa case. Shoemaker cannot now deny the 2018 conviction, especially given that he plead guilty here to Counts 2-5 with two historical priors.[1] Shoemaker's sentence was not illegal.

**¶11** On review, Shoemaker also argues ineffective assistance of trial counsel. However, because Shoemaker failed to argue this before the superior court the claim is precluded. *See* Ariz. R. Crim. P. 33.16(c)(2)(B) (petition for review must contain issues decided by superior court that defendant is presenting for review); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980) (court of appeals does not address issues raised for first time in petition for review). Shoemaker has not sustained his burden of establishing the superior court abused its discretion by denying relief on the basis of this claim.

---

[1] And in his October 2019 motion to modify sentencing, Shoemaker acknowledged the 2018 conviction.

**¶12** For the reasons stated, we grant Shoemaker's petition for review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA