NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

BRAYANT FLEMATE, *Petitioner*.

No. 1 CA-CR 24-0615 PRPC

FILED 04-08-2025

Petition for Review from the Superior Court in Maricopa County
No. CR2017-005865-002
The Honorable Jay R. Adleman, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Phillip D. Garrow
*Counsel for Respondent*

Brayant Flemate, Kingman
*Petitioner*

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding
Judge Anni Hill Foster and Judge Michael J. Brown joined.

**M c M U R D I E**, Judge:

**¶1**          Brayant Noah Flemate petitions this court to review the dismissal of his post-conviction relief ("PCR") petition filed under Arizona Rule of Criminal Procedure ("Rule") 33.1. We grant review but deny relief.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**          Over five days in 2016, Flemate, along with two other men, Jesse R. Cisneros and Rafael Pulido Quiroz, trafficked a sixteen-year-old girl. The victim, Shauna (a pseudonym), ran away from her home after the two other men lured her through social media. Cisneros captured Shauna at gunpoint but had no place to take her, so he called Flemate, who agreed to keep her at his residence. All three men had forcible sexual intercourse with Shauna. The men also rented hotel rooms where they forcibly prostituted Shauna. When Shauna talked back or did not follow orders, Flemate would beat and choke her. Police eventually found Shauna at a restaurant after she locked herself out of the hotel room where Flemate and the others were keeping her.

**¶3**          A grand jury indicted Flemate on seven counts of sexual conduct with a minor and five counts of child prostitution. After his co-defendant Cisneros cooperated with the State, Flemate pled guilty to one count of sexual conduct with a minor, one count of child prostitution, and an amended count of attempted child prostitution. The superior court, finding an aggravated term on the child prostitution count was appropriate, sentenced Flemate to 16 years in prison on that count, with two terms of supervised probation for five years on the attempted child prostitution count and life on the sexual conduct count. The court sentenced Cisneros and Quiroz to ten years' imprisonment for their actions related to this case.

**¶4**          Flemate petitioned the superior court for PCR under Rule 33.1, partly arguing that his sentence violates the United States Constitution and Arizona law. The court summarily denied his petition. He then petitioned this court for review. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") § 13-4239 and Rule 33.16.

## DISCUSSION

**¶5**          On review, Flemate raises two arguments. First, he claims he is entitled to PCR because his sentence is seven years longer than Cisneros's

sentence, which he argues violates the United States Constitution.[1] Second, he argues the superior court considered unproven aggravating factors when sentencing him.

**A.     The Disparity Between the Co-Defendants' Sentences Is Not a Valid Basis for Relief.**

**¶6**          Under Rule 33.1, a defendant is entitled to PCR if his or her plea violates the United States Constitution. Flemate argues his plea violated the Eighth Amendment's prohibition of "cruel and unusual punishments" because it is disproportionate to his co-defendants' sentences, especially that of Cisneros, who was more culpable. U.S. Const. amend. VIII. While courts have considered co-defendants' disparate sentences to determine whether a punishment is cruel and unusual, this analysis has only been applied in capital cases. *See State v. Ellison,* 213 Ariz. 116, 140, ¶ 105 (2006) (While a disparity in sentences between co-defendants can be a mitigating circumstance, "[o]nly the *unexplained* disparity is significant."); *State v. Detrich,* 188 Ariz. 57, 69 (1997) (When a disparity in sentences results from an appropriate plea agreement, disparity is not mitigating.); *State v. Schurz,* 176 Ariz. 46, 57 (1993) ("[T]he disparity between the sentence of a defendant sentenced to death and a co-defendant or accomplice sentenced to some term of imprisonment" is a mitigating factor when unexplained.). Such analysis is generally not available in non-capital cases. *United States v. Nuñez*, 840 F.3d 1, 7 (1st Cir. 2016) ("Merely pointing to a coconspirator's sentence, without more, does not prove the existence of an impermissible sentencing disparity.").

**¶7**          But we find no error even after reviewing the disparities between the co-defendants here. If a disparity between co-defendants' sentences is based on differences in their culpability, the court gives the disparity "little, if any, weight." *Schurz*, 176 Ariz. at 57. The record establishes Shauna found Flemate's behavior "the most dehumanizing"

---

[1]          Flemate does not challenge his sentence relative to Quiroz's.

and that he was "the most hostile towards her."[2] Given that Flemate was particularly violent with the victim, the disparity between his and Cisneros's sentences is not unexplained.

## B.    The Court Did Not Consider Improper Aggravating Factors at Sentencing.

¶8      Flemate also contends that the superior court considered improper aggravating factors in sentencing. At the sentencing hearing, the State argued about Flemate's past criminal conduct:

> And the reason I bring these things up is that—not to say he has prior criminal history that should be considered as an aggravating factor but to say that he has past bad conduct, and even though that conduct may not have resulted in a conviction, it is still something you can consider as aggravation, and the reason you can consider it is because it shows a pattern of conduct for this offender.

¶9      The record is clear: no prejudice exists. The court noted that relying on Flemate's uncharged criminal acts would be inappropriate when imposing a sentence. And the court had a proper basis for the aggravated sentence given the presence of accomplices, Flemate's expectation of the receipt of pecuniary value from the offense, and the victim's physical and emotional harm resulting from Flemate's conduct. *See* A.R.S. § 13-701(D)(4), (6), (9).

¶10      As a result, we find no error in the superior court's dismissal of Flemate's PCR claims.

---

[2]      Cisneros's plea deal was a combination agreement for his actions here and in another case. We take judicial notice that his total imprisonment term, considering the sentences imposed under the plea deal as well as in an earlier case, exceeded 20 years. *See State v. Valenzuela*, 109 Ariz. 109, 110 (1973) (We may take judicial notice of records from the superior court.). At Flemate's sentencing, the prosecutor asserted that although Cisneros was sentenced to just ten years in prison for his actions related to this case, he would not have received a ten-year plea offer for that conduct viewed in isolation.

## CONCLUSION

¶11        We grant review but deny relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR